RAWLS, Judge.
Appellant-plaintiff, by this appeal, contends that the trial judge abused his discretion in denying her motion for new trial as to damages.
On March 11, 1967, plaintiff suffered a sprain of the cervical and lumbo-sacral spine as the result of an automobile collision. The trial judge directed a verdict as to the issue of liability and submitted the issue of damages to the jury, which'returned a verdict of $1,000 for plaintiff and $500 for her husband.
Plaintiff was treated first by general practitioner and then by an orthopedic surgeon. The medical bills amounted to $782.01 plus an estimated $687 for a future varicose vein operation and an additional $30 to $50 doctor’s bill, the aggregate being approximately $1500. If the evidence reflected without contradiction that the outlay of plaintiff’s husband for medical expenses necessitated by the accident will amount to $1500, and the jury only returned $500 for same, we would not hesitate to agree with plaintiff’s contention that a jury of reasonable men [1] could not have returned such a verdict.[2] But such is not the case.
We find in this record competent testimony, which the jury was at liberty to believe, to the effect that not all of plaintiff’s medical expenses and claim of damages were a proximate result of the accident. *130 Illustrative of such testimony is the fact that plaintiff weighed 225 pounds prior to the accident. Her orthopedic surgeon put her in neck and back braces and on a diet. He anticipated that loss of weight, proper use of the braces and continued treatments would result in normal recovery. However, plaintiff failed to lose any significant amount of weight, and she testified that she was unable to dispense with the use of the back brace. Her obesity and long-term use of the back brace caused varicose veins. She was advised that she must reduce to 150 pounds before a varicose vein operation could be performed, but she gained to 245 pounds. The doctor testified that she was a compulsive eater, an indication of psychoneurosis, and her problems were about 50% emotional and 50% physical. Marital problems that besieged her in mid-1968 might well have led the jury to the conclusion that her compulsive eating resulted from this fact rather than the accident. The claim of permanent disability was based primarily upon subjective symptoms, and there is some testimony from which the jury might have concluded that plaintiff exaggerated her physical condition. A review of this record leads us to the conclusion that the jury’s verdict and the trial judge’s order refusing to grant a new trial are fully supported by the evidence.[3]
As stated in Griffis v. Hill :[4]
“The appellate court must be ever alert against the temptation to substitute its ‘verdict’ for that of the jury. On the other hand, we must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict.”
We do not find the instant verdict to be so grossly inadequate as to compel us to substitute our judgment for that of the trial judge or the jury.
Affirmed.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.

. Plaintiff emphasizes that this matter was considered by a jury composed of six women.

. Griffis V. Hill. 230 So.2cl U3 (Fla.1970).

. Shaw v. Puleo, 159 So.2d 641 (Fla.1964).

. Griffis v. Hill, 230 So.2d 143, 145 (Fla.1970).