WENTWORTH, Judge.
This is an appeal from a final judgment awarding appellant five thousand dollars pursuant to a jury verdict rendered solely on the issue of damages. We reverse.
Appellant is a quadriplegic whose legs were broken when he was struck by an automobile driven by appellee. At the time of the accident, appellant was traveling toward home in his wheelchair. He was immediately taken to University Hospital where he was treated for approximately two and a half weeks. From University, he was transferred to Cathedral Health and Rehabilitation Center, where he stayed for approximately two months. Appellant presented evidence showing that his total medical expenses for the treatment at the two hospitals and by the attending physicians amounted to $13,058.53.
Appellant filed a complaint alleging that his injuries resulted from appellee’s negligent operation of his automobile. The complaint asserted resulting damages due to pain, suffering, incurred medical expenses, and loss of personal property (his clothes and wheelchair). Appellee did not respond, and on August 3, 1981, a default was entered against him.' A jury trial was conducted solely on the issue of damages on December 16, 1981. In addition to proving his medical bills, appellant testified that he had suffered pain, discomfort, mental anguish, and loss of enjoyment of life as a result of his injuries. He also testified that his clothes and wheelchair were destroyed in the accident. Although appellant’s evidence was uncontradicted, the jury returned an award of only $5,000. Appellant asserts that this amount is grossly inadequate and is unreasonable based on the evidence. We agree.
Appellee argues that the verdict should be upheld because reasonable men could have concluded that (1) appellant’s treatment at Cathedral was unnecessary, (2) appellant, being a quadriplegic, did not feel pain from his injuries to an extent warranting compensation, and (3) appellant did not introduce competent evidence of the value of his destroyed wheelchair. Because we find that a jury of reasonable persons could not have found that appellant’s medical treatment was not treatment which was necessarily and reasonably obtained, we re *1133 verse for a new trial on the issue of damages.[1]
Claimant’s primary treating physician at Cathedral testified regarding the reason for appellant’s extensive treatment at the rehab center. He explained that standard plaster casts are not used on paralyzed individuals because of the danger of objects falling down in them which would result in pressure sores. Therefore, the fractures are treated by removable splints with heavy padding. These must be checked regularly, and extensive education on self care is required because pressure sores can still develop if, for example, the patient unknowingly sits on an object for too long. Thus, the uncontroverted evidence demonstrated that appellant’s treatment at Cathedral was a necessary result of his injuries. Because the amount awarded does not approach the amount of compensation for the expenses incurred due to the necessary treatment, this case is reversed and remanded for a new trial on damages. See Griffis v. Hill, 230 So.2d 143 (Fla.1969); Vaughn v. Patterson, 238 So.2d 129 (Fla. 1st DCA 1970).
SHIVERS and JOANOS, JJ., concur.

. Because of the entry of default, the issue of liability was not, and will not be, a question for the jury’s consideration.