447 So.2d 620 (1984)
Winnie Bennett BOOTHE
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. CA 1314.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
Victoria Lennox Bartels, William F. Wessel, Professional Law Corporation, New Orleans, for plaintiff-appellee.
James Maher III, New Orleans, for defendant-appellant.
Before REDMANN, C.J., and GARRISON and WARD, JJ.
GARRISON, Judge.
Defendant, New Orleans Public Service, Inc., appeals from a judgment awarding damages of $38,430.45 to plaintiff, Winnie Bennett Boothe, for injuries sustained while traveling as a passenger on a NOPSI bus on February 7, 1979. Before plaintiff reached her destination, the bus came to an abrupt stop and plaintiff was thrown down to the floor, sustaining injuries to her left side.
At trial, the judge granted plaintiff's motion for a directed verdict on the issue of *621 liability based on his finding that defendant had exculpated neither itself nor its employees from negligence in this incident. Therefore, the only issue submitted to the jury in this case was the quantum of damages to be awarded to the plaintiff. The jury decided that damages should be awarded as follows:

Medical Expenses, Past and Future $7,630.45
Lost Wages, Past and Future 800.00
General Damages for Physical and
Mental Suffering 30,000.00
 __________
Total Damages $38,430.45

This award was adopted by the trial judge in his judgment of February 11, 1983, and defendant was ordered to pay damages of $38,430.45 to plaintiff for her injuries.
Defendant does not appeal the trial court's granting of plaintiff's motion for directed verdict on the issue of liability. Additionally, defendant does not appeal the award of damages for plaintiff's cervical strain injuries sustained in the accident. The only issues argued by defendant on appeal are:
1) that plaintiff has failed to prove that the ulnar nerve damage to her left elbow was a result of the accident in question; and
2) that plaintiff has failed to prove her future medical expenses.
Therefore, defendant requests that the amount of damages awarded to plaintiff be reduced by this court.

CAUSATION
With regard to the ulnar nerve damage to Ms. Boothe's left elbow, she contends that this injury was a result of the accident while defendant, NOPSI, contends that plaintiff developed these injuries subsequent to the accident. Defendant's argument rests largely on the fact that plaintiff did not complain of pains in her left elbow until May, 1979, three months after the accident.
Ms. Boothe testified that, prior to February 7, 1979, she had not experienced any pain or discomfort in her left arm. On the evening following the accident, she noticed that her left arm was badly bruised. Ms. Boothe visited her doctor the next day and he sent her to an orthopedist, Dr. Victor Chisesi. Dr. Chisesi testified that the plaintiff had sustained injuries to her left hand, left wrist, left ankle, right ankle and neck but that she did not specifically complain of pain in her elbow until her visit of May 4, 1979. Dr. Chisesi recommended therapy for plaintiff's left arm and when this therapy proved unsuccessful, Ms. Boothe visited a neurosurgeon, Dr. Joseph Nadell.
Dr. Nadell conducted tests and discovered that plaintiff had suffered ulnar nerve damage to her left elbow. He testified that it was not unusual for ulnar nerve injuries to occur in a delayed fashion.
Another neurosurgeon, Dr. David Kline, was consulted for a second opinion. Dr. Kline agreed with the diagnosis of ulnar nerve palsy and testified that Ms. Boothe had clearly stated to him that she had suffered pain in her elbow since the time of the accident.
All three doctors testified that ulnar nerve palsy can develop either from one distinct blow or merely from the daily bumping of the elbow.
In establishing causation in a civil case, the plaintiff must prove by a preponderance of the evidence that her injuries were caused by the defendant's negligence. This burden may be met either by direct or by circumstantial evidence. Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes. Otherwise, the mere identification by the record of another possibility, although not shown to be causally active, would break the chain of causation. Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La. 1982).
In the instant case, the amount of the jury's award of damages indicates that it found that plaintiff carried her burden of proving causation for the ulnar nerve injuries to her left elbow. The trial judge *622 obviously agreed with this finding by adopting the jury's award as the judgment of the court. Before a Court of Appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Defendant NOPSI's contention that the plaintiff's elbow injuries were caused by "everyday bumping" is merely another possibility which was not shown to be causally active in this case. Carter, supra. The jury's award of $30,000 for pain and suffering and $800 for past and future lost wages is justified by the evidence presented at trial. Therefore, we affirm this portion of the award due to the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

FUTURE MEDICAL EXPENSES
Ms. Boothe was awarded $7,630.45 for past and future medical expenses. The evidence established past medical expenses of $2,630.45. The jury also awarded $5,000 to the plaintiff for future medical expenses. At trial, Dr. David Kline testified that future surgery was "a possibility" but stated that he could not recommend this surgery definitely until he examined Ms. Boothe again. He did not testify as to the specific costs involved in this possible surgery. The case of Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir.), writ denied 256 La. 266, 236 So.2d 36 (1970), states that:
"Medical expenses, in order to be recoverable must be proved and awards will not be made for future medical expenses which may or may not occur in the absence of medical testimony that they are indicated and setting out their probable cost ... This court cannot pull a figure out of the air and award it as damages for future medical expenses, the occurrence of which is but a speculative possibility."
Future medical expenses, like any other element of damages, must be established with some degree of certainty. Sikes v. McLean Trucking Company, 383 So.2d 111 (La.App. 3rd Cir.1980). The plaintiff must show that, more probably than not, these expenses will be incurred. Wexler v. Martin, 367 So.2d 111 (La.App. 4th Cir.), writ denied 369 So.2d 1352 (La.1979). In this case, Ms. Boothe has failed to prove that future surgery is anything more than a speculative possibility. Therefore, the portion of the trial court's judgment awarding $7,630.45 for past and future medical expenses must be reduced to $2,630.45.
Accordingly, the judgment of the trial court is amended to reduce the judgment in favor of Winnie Bennett Boothe from $38,430.45 to $33,430.45. As amended, the judgment is affirmed. Costs of the appeal are assessed against defendant.
AMENDED AND AFFIRMED.