GARRISON, Judge.
On February 20,1981, the plaintiff, Athena Williams, was involved in an automobile accident in which the car she was driving was struck from behind by a car driven by Leona Attenhofer. The plaintiff settled her claim with Attenhofer’s liability insurer, Liberty Mutual, for $15,000. Therefore, Attenhofer is not a party in this suit. Plaintiff sued her own liability insurer, Safeco Insurance Company, for uninsured motorist benefits, claiming $530,000 in damages for injuries resulting from this accident.
At trial, the parties stipulated that at the time of the accident, insurance policies were in effect for Attenhofer, with a liability limit of $50,000, and for the plaintiff, with an uninsured motorist limit of $10,000. Prior to submission of this case to the jury, the trial judge granted the plaintiff’s motion for a directed verdict on the issue of liability. Therefore, only the issue of quantum was submitted to the jury. In its verdict, the jury awarded the plaintiff $35,-000 in general damages and $40,000 in special damages. The special damage award was made for past and future medical expenses, lost income and diminished earning capacity. On April 9, 1985, the trial judge rendered judgment in favor of the plaintiff and against Safeco Insurance Company in the sum of $10,000 with interest from the date of judicial demand and costs including an expert fee of $300.
From that judgment, the defendant appeals.
On appeal, the defendant asserts four specifications of error:
1) The plaintiff failed to produce any evidence which showed that any injuries of which she complained were causally related to the accident of February 20, 1981 and, therefore, there was no basis for the jury to make any award of damages to plaintiff.
2) The plaintiff failed to produce any evidence in connection with her claims for loss of past income and loss of future income and it was improper for the jury to make any award for these special damages.
3) The plaintiff failed to produce any evidence of the amounts of her past or future medical expenses and it was improper for the jury to make an award for such amounts.
4) It was improper for the Court to instruct the jury on special damages for which no evidence was presented; furthermore, it was improper for the court to submit the issue of special damages to the jury in its special verdict form.
The defendant’s first specification of error deals with the causation issue. Specifically, the question is: Did the plaintiff prove a causal connection between her injuries and the accident of February 20, 1981? It is the plaintiff’s burden to prove by a preponderance of the evidence that the injuries sustained by her were caused by the accident in question. Walker v. Marcev, 427 So.2d 678 (La.App. 4th Cir.1983), writ denied, 433 So.2d 182 (La.1983).
In this case, testimony was presented by the plaintiff and her brother (a passenger in plaintiff’s car at the time of the accident) which established that plaintiff was an active young woman prior to this accident but that she has suffered from *468 almost constant back and spinal pain since the date of the accident. The testimony of these two witnesses wa,s the only evidence presented as to the plaintiffs physical condition prior to the accident. Dr. Hyman Soboloff, an orthopedist, examined the plaintiff three days after the accident and diagnosed severe strain of neck muscles and moderate strain of back muscles. Dr. Raeburn Llewellyn, a neurosurgeon, examined plaintiff and conducted tests one year after the accident and diagnosed a disc injury in association with muscle and ligament sprains. He also suggested possible surgery for the plaintiff but she declined for financial reasons.
On the basis of the foregoing testimony, we conclude that the plaintiff established by a preponderance of the evidence the necessary causal connection between her injuries and the accident. Therefore, the trial judge correctly granted the plaintiff’s motion for directed verdict on the issue of liability.
Defendant’s other specifications of error deal with the award of $40,000 in special damages to the plaintiff in this case. The jury made this award for past and future medical expenses, lost income and diminished earning capacity. Although some past medical expenses were obviously incurred by the plaintiff, an award for this amount was erroneously made due to the fact that plaintiff failed to present any evidence of actual past medical expenses. Additionally, because none of the doctors testifying outlined any costs of possible future surgery or future medical expenses, the award for future medical expenses was also improperly made. Boothe v. New Orleans Public Service, Inc., 447 So.2d 620 (La.App. 4th Cir.1984).
As for plaintiff’s claim of damages for lost income and diminished earning capacity, her testimony established that she was employed as a receptionist at the time of the accident and that she lost her job due to excessive absences caused by her physical therapy treatments for her back injuries resulting from the accident. She also testified that she is not able to perform jobs which require sitting down for long periods of time because of a considerable amount of resulting back pain.
Although the plaintiff’s attorney failed to introduce available evidence which would have specifically established such items as plaintiff’s former salaries, we conclude, nevertheless, that the evidence in this case supports the $40,000 special damage award for lost income and diminished earning capacity and that this award was not an abuse of the jury’s discretion. For these reasons, we affirm the judgment of the trial court in which the plaintiff was awarded the $10,000 limit of her uninsured motorist policy issued by Safeco Insurance Company.
AFFIRMED.
HUFFT, J. Pro Tem., concurs in part and dissents in part.