408 So.2d 671 (1981)
MONTECRISTI CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Lawrence J. HICKEY, et ux., and Crystal Lake Apartments, Inc., et al., Appellees.
CRYSTAL LAKE VILLAS ASSOCIATION, INC., Appellant,
v.
Lawrence J. HICKEY, et ux., and Crystal Lake Apartments, Inc., et al., Appellees.
Joseph DEPASQUALE, Appellant,
v.
Lawrence J. HICKEY, et Ux., Crystal Lake Apartments, Inc., et al., Percy Rosemurgy and Jane Rosemurgy, Appellees.
Nos. 79-118, 79-134 and 79-135.
District Court of Appeal of Florida, Fourth District.
December 30, 1981.
Rehearing Denied February 10, 1982.
Howard L. Conklin of Tripp & Conklin, Fort Lauderdale, for appellant, Montecristi Country Club Apartments, Inc.
William A. Solien, Lighthouse Point, for appellant, Joseph DePasquale.
Kenneth R. Mikos of Devitt, Friedrich, Blackwell, Mikos & Ridley, P.A., Fort Lauderdale, for appellant, Crystal Lake Villas Association, Inc.
John R. Young, of Hamilton, James, Merkle & Young, West Palm Beach, for appellees, Rosemurgy.
BERANEK, Judge.
These consolidated appeals grow out of complex litigation in a long-standing condominium recreational fee dispute. The controversy originated in a class action filed initially in 1971. Plaintiffs in the original action were residents of the Crystal Lake Subdivision. These owners of individual and condominium units brought a class action against various parties alleged to be responsible for the maintenance and management *672 of Crystal Lago Beach Club, a recreational facility which the residents and condominium entities in Crystal Lakes used. The action sought termination of certain covenants requiring recreational fee payments. It also sought a declaratory decree as to various rights and duties between the parties. Defendants in this initial action filed various motions to dismiss questioning the propriety of the case as a class action. These motions were denied and the defendants filed answers, counterclaims and cross-claims. The defendants, so far as necessary for the purposes of this case, were the developer of the Crystal Lakes Subdivision, Robert Sullivan, and three corporations, Crystal Lake Development Corp., Crystal Lake Apartments, Inc., and Crystal Lake Golf Course, Inc. Mr. and Mrs. Rosemurgy, the owners of the land used for recreational purposes, were also sued as defendants.
A controversy arose between Robert Sullivan and Rosemurgy concerning which party was entitled to collect and receive the proceeds derived from the recreational fees charged on the Crystal Lake operation. This controversy became involved in the litigation and after substantial pretrial activity and discovery a non-jury trial and certain stipulations resulted in the entry of a partial final judgment on November 20, 1973. This partial final judgment provided in part that Rosemurgy would be the party entitled to collect rents from the plaintiff class members on the recreational facility and that Rosemurgy had the responsibility to maintain these recreational facilities. This partial final judgment retained jurisdiction of the parties and subject matter for the purpose of entering such further orders as might be necessary to properly implement the judgment. No appeal was attempted from the judgment of November 20, 1973, and no party to the present appeal contests the procedure or the judgment.
Approximately one year and four months after the initial judgment, Rosemurgy filed a document entitled "Motion for Declaratory Relief." This motion, which was eventually treated as a complaint for declaratory decree, sought a declaration that Rosemurgy was entitled to collect escalated recreational fees from the living units within Crystal Lakes Subdivision based upon an increase in the cost of living as reflected by the wholesale price index of all commodities published by the United States Department of Labor. Rosemurgy alleged that its entitlement to escalated recreational fees was supported by the court's own prior partial final judgment and by the terms and conditions of various recorded reservations and restrictive covenants between the parties. The individual unit owners living in Crystal Lakes Subdivision were represented by the Crystal Lake Villas Association, the 4100 Condominium Association, the Montecristi Condominium Association, and the Crystal Lake 4251 Condominium Association. Each of these condominium associations had been a class plaintiff in the initial suit and represented various unit owners living within the areas in question. In addition to the four condominium associations, Rosemurgy sought a declaration against an individual named Joseph DePasquale who was alleged to own an apartment complex in the Crystal Lakes Subdivision. Mr. DePasquale was also alleged to be responsible for escalated recreational charges.
The condominium associations and Mr. DePasquale filed motions to dismiss directed at the "Motion for Declaratory Relief" on various grounds including jurisdictional arguments. The trial court concluded that jurisdiction over the unit owners was proper via the Associations. The motions to dismiss were denied and an interlocutory appeal was taken to this court which affirmed by a decision issued February 6, 1976. The appellants on the interlocutory appeal were the four condominium associations.
We note in passing that there have been various peripheral issues and parties throughout this litigation. We here describe and deal with only so much of the controversy as necessary to the resolution of the present appeals.
By pretrial order of May 19, 1977 the trial court held that the Motion for Declaratory Relief should be considered as a formal *673 Complaint for Declaratory Relief. The condominium associations and Mr. DePasquale filed answers, affirmative defenses, and counterclaims. Basically the unit owners, through their representatives, sought to avoid or cancel the escalated recreational fees.
Eventually a trial occurred and resulted in the final judgment of August 22, 1978, which is the subject of the instant appeal. The final judgment discloses that Rosemurgy, by stipulation of the parties, presented a prima facie case in support of the complaint for declaratory decree. This prima facie case was presented to the court without a jury. At that point, a jury was impaneled for the purpose of answering some thirty-three (33) separate factual questions bearing upon the issues raised in the answers, affirmative defenses, and counterclaims of the condominium associations. The claims as to Joseph DePasquale were not submitted to the jury but by stipulation were considered by the court essentially on a stipulated record supplemented by certain evidence. The court eventually issued a final judgment as to all parties based upon all of the evidence heard and upon the jury's answers to the 33 factual questions. No one complains as to the somewhat unorthodox procedure by which these matters were tried and determined.
Basically, the final judgment found in favor of the Rosemurgy claim for escalated rental charges against the Montecristi Condominium Association, the Crystal Lake Villas Association, Inc., and Joseph DePasquale. The court found in favor of the 4100 Condominium Association and the Crystal Lake 4251 Association on the issue of fraud and deceit and held that these parties were not responsible for the escalated recreational fees.[1] Although the court reached the conclusion that there was factual inequity and unfairness as to the escalated charges, these were found to be enforceable and the overall recreational fee payment scheme was held not unconscionable.
The appellants now before this court are two condominium associations and one individual. The effect of the final judgment is to require the individual unit owners represented by the two condominium associations to pay escalated recreational fees along with the individual owner, Mr. DePasquale. We note initially that no appellant seeks to overturn the court's finding regarding an absence of unconscionability.
We now proceed with the claims asserted by Mr. DePasquale. Basically DePasquale contends that the court erred in finding that the covenant requiring recreational fees contained in the deed of DePasquale was one running with the land. Mr. DePasquale's claims were, by stipulation, not tried before a jury but were submitted to the court alone. Under the circumstances and based upon the evidence presented we cannot fault the trial court in concluding that a covenant running with the land existed and that Mr. DePasquale was on notice of the escalated recreational charges. Under these circumstances, we affirm the trial court's rulings as to Mr. DePasquale.
The same situation does not prevail in regard to the condominium association appellants. We reverse the final judgment as to these appellants and remand for further proceedings due to error in selection of the jury. When the procedure began for impaneling the jury, the court directed a question to all prospective jurors in the courtroom as to whether any of them owned a condominium upon which any form of recreational lease was present. The court then excused for cause all jurors who held an ownership interest in such a condominium. Eleven prospective jurors were excused and the eventual jury was chosen from the balance of those present in the courtroom. This dismissal of prospective jurors was over the objection of counsel for the defendant condominium associations. We conclude that excusing all jurors who happened to own condominiums constituted error which requires a reversal of the entire *674 final judgment herein as it related to the condominium associations. The court relied upon the jury's answers to various factual questions in reaching the final conclusions incorporated in the final judgment on declaratory decree. As such the entire proceeding must be vacated in order to remedy the error.
Although we recognize that a trial court has broad discretion on matters of jury selection, we feel the court here overstepped the bounds of propriety and abused that discretion. See Walsingham v. State, 61 Fla. 67, 56 So. 195 (1911). Florida, as well as most jurisdictions in this country, prohibits the arbitrary exclusion of otherwise qualified persons from selection for jury service. Baker v. State, 150 Fla. 446, 7 So.2d 792 (1942). In Smith v. Sisters of Good Shepherd, 87 S.W. 1083 (Ky. 1905), the court held a juror could not be challenged for cause simply because he was a member of the same religious faith as a party to the litigation. In Curtis v. District of Columbia, 363 F.2d 973 (D.C. Cir.1966), it was similarly held that a jury panel consisting almost entirely of governmental employees was not improper in the trial of a matter in which one of the parties to the suit was the District of Columbia. See generally Annot. 72 A.L.R.2d 905 (1960).
The accepted standard for testing juror bias is that a general, abstract bias or prejudice entertained by a juror regarding a particular class of litigation will not in itself disqualify him when it appears that the abstract bias can be set aside and that the juror will fairly and impartially decide the particular case solely upon the evidence and instructions of the court. Further, the systematic exclusion of any recognizable and identifiable group within the community has been held to violate the equal protection clause of the United States Constitution irrespective of a showing of prejudice. See 47 Am.Jur.2d JURY §§ 163, 164. A systematic attempt to exclude wage earners from jury service has been forbidden. Thiel v. Southern Pac. Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946).
We conclude that the systematic exclusion of condominium residents from jury service on cases involving condominiums without any inquiry whatsoever as to actual bias or prejudice constitutes error of such magnitude as to render it unnecessary and obviously impossible to demonstrate actual prejudice in a particular case. We take judicial notice that a substantial segment of the population of South Florida resides in condominiums. Such individuals who are otherwise qualified to serve on juries may not be systematically excluded. Under these circumstances we find it unfortunately necessary to reverse the entire final judgment as to the two condominium association appellants before the court.
We do not consider or rule on the other numerous legal issues presented by these two appellants. The retrial of this matter will in all likelihood involve a further jury and non-jury proceeding. The parties will be different in that two condominium associations did not participate in this appeal and in view of the affirmance of the DePasquale appeal. Under these circumstances it will be necessary for the parties to amend the pleadings substantially before proceeding with any retrial. The parties are not bound to follow the same procedure and the passage of over ten (10) years since the case was initially filed may well require that the parties and the issues be clarified and repled. We leave this to the discretion of the trial court on remand.
The judgment below is affirmed as to appellant DePasquale, and reversed as to appellants Montecristi Condominium Association, Inc. and Crystal Lake Villas Association, Inc.
AFFIRMED IN PART, REVERSED IN PART.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] We are not called upon to pass upon the propriety of determining fraud in a class action. The ruling has not been appealed.