543 So.2d 1299 (1989)
Susan LEVY and Howard Levy, Her Husband, Appellants,
v.
HAWK'S CAY, INC., Hawk's Cay Investors, Ltd., Brandy Group, Inc., Brandy Marine of the Keys, Inc. and Jeffrey Sylvester, Appellees.
Nos. 87-2947, 88-976.
District Court of Appeal of Florida, Third District.
May 30, 1989.
*1300 Shutts & Bowen and Richard M. Leslie, Miami, for appellants.
Butler and Burnette and John W. Weihmuller and Kendall A. Almerico (Tampa), Canning & Murray and C. Robert Murray and Jocelyn Poole, Miami, for appellees.
Before NESBITT and FERGUSON, JJ., and HERBOTH S. RYDER, Associate Judge.
HERBOTH S. RYDER, Associate Judge.
The Levys appeal an adverse final judgment entered upon a jury verdict and a judgment taxing costs in their action for automobile negligence and products liability. They assert that the trial court committed prejudicial error when it failed to strike for cause three jurors who indicated during voir dire that they could not be impartial. We agree, and reverse.
The record reveals that the three jurors in question clearly indicated that they had negative attitudes toward the legal system due to previous unfavorable experiences with lawsuits filed against themselves or members of their families, and that their predispositions would result in bias. When any reasonable doubt exists as to whether a juror possesses the state of mind necessary to render an impartial verdict based solely on the evidence submitted and the law announced at trial, he should be excused. Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922 (Fla. 4th DCA 1988); Club West v. Tropigas of Florida, Inc., 514 So.2d 426 (Fla. 3d DCA 1987), review denied, 523 So.2d 579 (Fla. 1988). Cf. Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989). Here, the jurors' testimony was more than sufficient to raise a reasonable doubt as to their impartiality. The trial court's failure to excuse these jurors for cause constitutes reversible error, because the Levys were unnecessarily forced to use peremptory challenges to excuse the objectionable jurors, then exhausted their remaining peremptory challenges, and were thereafter denied additional peremptory challenges. Hill v. State, 477 So.2d 553 (Fla. 1985); Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987).
Because of our reversal on the Levys' first point on appeal, we need not address their remaining two points. We reverse and remand for a new trial, and in so doing, we also reverse the judgment taxing costs against the Levys.
Reversed and remanded.