LEVY, Judge.
Heriberto Valle, the defendant, appeals his convictions and sentences for trafficking in cocaine and for possession of marijuana. We affirm.
While on routine patrol, a police officer noticed a car driven by the defendant swerving in and out of lanes for several blocks. The officer suspected that the driver was under the influence of alcohol or drugs. When the officer was attempting to have the ear pull off the road, he noticed that the defendant reached over to the passenger side of his car. After stopping the car, the officer walked up to look in the passenger window, and observed a silver bag on the floor. Through a hole in the bag, he could see a white substance, and upon closer examination, he determined that the bag contained both cocaine and marijuana. The officer then arrested the defendant and gave him his Miranda warnings. The defendant was charged by information with trafficking in over 400 grams of cocaine and with possession of over 20 grams of cannabis. The jury found the defendant guilty as charged and the defendant appeals.
The defendant argues first that the trial judge erred in refusing to excuse for cause four prospective jurors who indicated that they had negative feelings about the failure of a defendant to take the stand. The question of whether a prospective juror is competent to serve is soundly within the trial court’s discretion. Davis v. State, 461 So.2d 67 (1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985). An examination of the record here reveals that the trial judge thoroughly examined each juror individually as to his or her personal feelings and ability to follow the law. Each of the jurors assured the judge that they could, and would, follow the law. No manifest error has been demonstrated in the trial court’s ruling and, thus, we decline to disturb the trial court’s decision on appeal.[1] See Pentecost v. State, 545 So.2d 861 (Fla.1989); Davis v. State, 461 So.2d at 70.
The defendant next argues that the trial court erred in denying the defendant’s motion for a new trial after testimony was introduced at trial as to two statements made by the defendant to the effect that a medicine bottle in the car was his wife’s, and that the child’s car seat was his own child’s. The defense objected based upon the fact that these statements had never been furnished to defense counsel, in violation of discovery rules, and that the defendant was prejudiced in preparing his theory of defense, which was non-ownership of the car. The judge sustained the defense’s objection to the admission of the statements. However, the judge stated that there was no prejudice and denied the defense’s motion for mistrial. When the jury was recalled, the judge instructed them to disregard the statements about the bottle and the car seat.
We find that the trial court made an adequate inquiry into the circumstances, and that the record supports the trial court’s conclusion that the defendant was not prejudiced by the statements. The charges against the defendant were that the defendant “knowingly possessed” cocaine and marijuana. The critical factor is possession and there is no dispute that the drugs were found by the police in plain view on the passenger side of the car, that the defendant was driving, in the exact spot the defendant was observed leaning over towards. Because the ownership of the car is not the sole determinative factor, the statements cannot be said to have contributed to the defendant’s conviction. Thus, reversal is not required. Ciccarelli v. State, 531 So.2d 129 (Fla.1988); Richardson v. State, 246 So.2d 771 (Fla.1971); Busch v. State, 466 So.2d 1075 (Fla. 3d *1388 DCA 1984); Frazier v. State, 336 So.2d 435 (Fla. 1st DCA 1976).
Finally, the defendant contends that the State’s evidence as to the “weight” of the marijuana and cocaine was insufficient to support the conviction. After reviewing the record, we find that the testimony of the state's expert witness was sufficient to establish the weight of the cocaine and the marijuana, and to establish that the second substance was, in fact, marijuana.
For the foregoing reasons, we affirm the conviction and sentence in all respects.
Affirmed.
FERGUSON, J., concurs.
GERSTEN, J., concurs in result only.

. We note as an aside, that the voir dire was conducted outside of the presence of the trial judge pursuant to the stipulation of the parties. Because the defendant has not raised this as an issue in the case, either at the trial level or at this level, and since the trial in the instant case occurred before the decision rendered in State v. Singletary, 549 So.2d 996 (Fla.1989), we need not address this issue on appeal.