608 So.2d 927 (1992)
Frank FAZZOLARI, Appellant,
v.
The CITY OF WEST PALM BEACH, Appellee.
No. 90-3425.
District Court of Appeal of Florida, Fourth District.
November 18, 1992.
Rehearing Denied December 29, 1992.
*928 Schuler, Wilkerson & Halvorson, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Kelley B. Gelb of Krupnick, Campbell, Malone and Roselli, P.A., Fort Lauderdale, Amicus Curiae, for Florida Academy of Trial Lawyers.
V. Lynn Whitfield, Asst. City Atty., and John J. Bulfin of Wiederhold, Moses, Bulfin & Rubin, P.A., West Palm Beach, for appellee.
DIMITROULEAS, WILLIAM P., Associate Judge.
This is an appeal from a final judgment entered on a jury verdict involving an automobile accident between the vehicle driven by the appellant and a vehicle driven by a city police officer. The appellant claims that the trial court erred both in denying his challenges for cause during jury selection and in denying his motion for new trial on the grounds that no damages were awarded for future pain and suffering, future medical expenses and loss of ability to earn money in the future. We affirm.
During jury selection, appellant's counsel asked if any of the jurors had negative feelings about personal injury lawsuits. Over half of the jury panel raised their hands in response to this question. Upon further questioning by appellant's counsel, all of those jurors indicated, in one fashion or another, that their feelings would continue to exist during the trial and that there was a chance that those feelings could affect their ability to be fair. Counsel for the City of West Palm Beach then collectively asked all of the jurors whether they could judge the case just on the facts and law regardless of any feelings they may have had in the past about excessive jury awards. No juror had a problem with being able to do that. The trial court denied all of the appellant's challenges for cause; the appellant exhausted his peremptory challenges and requested additional challenges. When that request was denied, some of the challenged jurors apparently sat on the jury.
A general, abstract bias about a particular class of litigation will not, in itself, disqualify a juror where it appears that the bias can be set aside. Montecristi Condominium Ass'n. v. Hickey, 408 So.2d 671 (Fla. 4th DCA 1982). Unlike the facts of Levy v. Hawk's Cay, Inc., 543 So.2d 1299 (Fla. 3d DCA 1989), the jurors' negative feelings here about the legal system were not associated with lawsuits against them or their families or with their personal acquaintance with a party or a party's lawyer, see also Longshore v. Fronrath *929 Chevrolet, Inc., 527 So.2d 922 (Fla. 4th DCA 1988); Sikes v. Seaboard Coastline Railroad Co., 487 So.2d 1118 (Fla. 1st DCA 1986). The jurors subsequent change in their answers, arrived at after further questioning by appellee's counsel, must be viewed with some skepticism; the assurance of a prospective juror that the juror can decide the case on the facts and law is not determinative on the issue of a challenge for cause. Club West, Inc. v. Tropigas of Florida, Inc., 514 So.2d 426 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 579 (Fla. 1988). Nevertheless, certain discretion is given to the trial judge to evaluate properly the responses given. See Cook v. State, 542 So.2d 964 (Fla. 1989). Absent an abuse of that discretion, the trial court's decision should not be overturned. Durocher v. State, 596 So.2d 997 (Fla. 1992); Singer v. State, 109 So.2d 7 (Fla. 1959). Clearly, close cases involving a challenge for cause of a prospective juror should be resolved in favor of excusing the juror. Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985). Here, the jurors indicated that they would set aside any feelings that they had and that they would follow the law. See Randolph v. State, 562 So.2d 331 (Fla. 1990); Christopher v. State, 407 So.2d 198 (Fla. 1981). Under the facts of this case, the able trial judge did not abuse his discretion in deciding that the jurors had been rehabilitated about their initial negative feelings. See Valle v. State, 566 So.2d 1386 (Fla. 3d DCA 1990); Waddell v. State, 458 So.2d 1140 (Fla. 5th DCA 1984).
Appellant's second complaint involves the jury's failure to award future damages when they did make an award for past damages. Where there was no question that a plaintiff had suffered a permanent injury and where the jury had compensated him for past damages, it was held to be error not to award future damages. See Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990). However, there must have been a determination that there was a permanent injury. Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992). Unlike the case of Hubbs v. McDonald, 517 So.2d 68 (Fla. 1st DCA 1987), the trial court here did instruct the jury on awarding future damages if they found a permanent injury. Apparently, the jury did not find such an injury in this case.
Where the plaintiff's experts and witnesses were cross-examined about their opinions regarding permanent injury and where there was a lack of clear evidence about future loss of earnings, it can not be said that the jury erred in rejecting the plaintiff's witnesses and in finding no permanent injury. See Shaw v. Puleo, 159 So.2d 641 (Fla. 1964). Normally, the question of a permanent injury is one for the jury. See Colvin v. Williams, 564 So.2d 1249 (Fla. 4th DCA 1990). Here, the jury was clearly concerned about the question of whether there was a need for future medical expenses; they asked a question during their deliberations about whether future medical costs could be managed by an insurance carrier, thereby implying that there was some question about awarding money directly to the plaintiff for this purpose. They were clearly concerned with the credibility or necessity of those expenses to the point that they wondered whether, if awarded, the expenses could be monitored. It cannot be said that there was no justification in the record for their apparent concerns. After the accident, the plaintiff was not admitted to the hospital, and he only sought additional medical attention after seeing a lawyer. X-rays showed that he had a preexisting injury. At the time of trial, the plaintiff was working full-time at a wage 40% higher than he was making before the accident, and he testified that he had not received any medical treatment for this injury during the past year. The defense expert testified that the plaintiff might need future treatment if he was having a flare-up, but with adequate treatment that he could do almost anything that a normal individual could do, including picking up as much as seventy-five pounds. Other experts testified that the plaintiff had a bulging, but not herniated, disc. They said that the bulging could have been caused by sneezing, and there was conflicting neurological evidence of nerve irritation. Finally, the expert's findings were, in large part, based upon a *930 history given to them by the plaintiff. Given the facts of this case, it was not error for the trial court to refuse to overturn the jury's verdict.
AFFIRMED.
WARNER, J., concurs.
POLEN, J., concurs in part and dissents in part with opinion.
POLEN, Judge, concurring in part and dissenting in part.
I concur with the majority's determination that on this record, we cannot say the trial court abused its discretion in denying appellant's challenges for cause as to the various prospective jurors who had negative feelings about personal injury lawsuits.
I disagree, however, with the holding that no error occurred when the jury declined to award damages for future losses to the injured plaintiff, particularly in the area of future pain and suffering. I would remand for a new trial solely on the issues of damages. Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990).