651 So.2d 89 (1995)
AUTO-OWNERS INSURANCE COMPANY, Petitioner,
v.
Michael TOMPKINS, Respondent.
No. 82991.
Supreme Court of Florida.
February 2, 1995.
*90 Curtright C. Truitt of Tew & Truitt, P.A., Fort Myers, for petitioner.
Terry S. Nelson and Jay Cooper of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for respondent.
OVERTON, Justice.
We have for review Tompkins v. Auto-Owners Insurance Co., 627 So.2d 1236 (Fla. 2d DCA 1993), in which the Second District Court held that the trial court erroneously instructed the jury that the respondent Tompkins must have suffered a "permanent injury" to recover future economic damages. We have jurisdiction based on direct conflict with Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992). Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we approve the decision of the district court. We find that, in order to recover future economic damages, a claimant must establish only that the future economic damages are reasonably certain to occur. While proving a permanent injury can be an important factor in establishing that such damages are reasonably certain to occur, it is not an absolute prerequisite.
The record reveals the following facts. Michael Tompkins was injured in a motor vehicle accident involving an underinsured motorist. After settling with the tortfeasor for his liability limits of $25,000, Tompkins filed suit for underinsured motorist benefits against his own insurance carrier, Auto-Owners Insurance Company, for his excess damages stemming from the accident. Liability was admitted and the case proceeded to trial on the issues of causation and damages. The parties presented evidence concerning the permanence of Tompkins' injuries and the amount of his past and future economic damages. After closing remarks, Tompkins requested that the jury be given a verdict form that allowed for an award of future economic damages even if the jury failed to find that he had suffered a permanent injury. The trial court denied Tompkins' request and, over objection, gave a jury instruction that required that the jury find a permanent injury within a reasonable degree of medical probability in order to award future economic damages. The jury found that Tompkins had not suffered a permanent injury and awarded only past economic damages.
Tompkins appealed to the Second District Court of Appeal. That court agreed with Tompkins that "the trial court erred in instructing the jury that future economic damages were recoverable only if he had sustained a permanent injury." Tompkins, 627 So.2d at 1236. The district court reversed and ordered a new trial on the issue of future economic damages.
We find clear conflict with Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992). In Josephson, the Fourth District Court of Appeal held that there must be a "permanent injury before a defendant may be held liable for future loss of income and other future damages in a personal injury claim." Id. at 1046.
The issue in this case requires us to determine the proper evidentiary test that must be satisfied when future economic damages are sought in a personal injury claim. The district courts that have addressed this issue are split over the proper answer. Both the second and fifth districts have held that a claimant may be awarded future economic damages without proof of a permanent injury. See Ketchen v. Dunn, 619 So.2d 1010 (Fla. 2d DCA 1993); Smey v. Williams, 608 So.2d 886 (Fla. 5th DCA 1992). Conversely, the third and fourth districts have clearly held that a claimant must prove a permanent injury as a threshold to obtaining future economic damages. Thieneman v. Cameron, 126 So.2d 170, 171 (Fla. 3d DCA 1961); Fazzolari v. City of West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992), review denied, 620 So.2d 760 (Fla. 1993); Josephson.
Our research of the law in other jurisdictions reveals that many other states allow a claimant to recover prospective economic damages where the future effects of the injury are reasonably certain. See, e.g., Griffen v. Stevenson, 1 Ariz. App. 311, 402 P.2d 432 (1965) (future damages are recoverable where the evidence reflects that surgery is reasonably certain to be performed and where the amount of damages is "established with reasonable certainty"); Lenox v. *91 McCauley, 188 W. Va. 203, 423 S.E.2d 606, 611 (1992) ("[P]ermanency or future effect of any injury must be proven with reasonable certainty.") (quoting Flannery v. United States, 171 W. Va. 27, 297 S.E.2d 433, 435 (1982)). Other courts require probable future medical care to recover future damages. See, e.g., Boothe v. New Orleans Pub. Serv., Inc., 447 So.2d 620, 622 (La. Ct. App. 1984) ("The plaintiff must show that, more probably than not, these expenses will be incurred.").
We reject the mandatory permanent injury threshold test for future economic damages and find the appropriate test is to permit the recovery of future economic damages when such damages are established with reasonable certainty. Although a permanent injury is not a prerequisite to recovering future economic damages, it is a significant factor in establishing the reasonable certainty of the future damages. We note that our decision appears to be fully consistent with the note following the standard jury instructions on damages. See Standard Jury Instructions  Civil Cases, 613 So.2d 1316, 1317 (Fla. 1993) (notes on use) (limiting the recovery of future medical expenses or loss of earnings to damages the claimant is "reasonably certain to [incur] [experience] in the future").
We reject Auto-Owners' contention that future economic damages for non-permanent injuries should be denied because of the difficulty in establishing the certainty of such damages. We find that a per se rule requiring a permanent injury may unjustly prevent a claimant from recovering for posttrial damages that result from non-permanent injuries that can be established with reasonable certainty.
Accordingly, we approve the decision of the second district in the instant case and remand the case for a new trial on the issue of future economic damages. We disapprove the decisions in Thieneman, Josephson, and Fazzolari to the extent that they conflict with this opinion.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.