PER CURIAM.
We affirm the final judgment entered upon a jury verdict in favor of the defendant doctor.
We have considered, and find no error or abuse of discretion as to the court’s rejecting appellants’ challenges of two jurors for cause. The record reflects that both jurors, in response to an inquiry by plaintiffs’ counsel, *427 initially acknowledged holding opinions to the effect that medical malpractice claims increase health care and insurance costs. The court was concerned that the jury may not have fully understood the questions and examined the jurors further. The court was satisfied by the responses of these two jurors.
The trial court could conclude from the resulting colloquy that the jurors’ earlier expressed views would not prevent them from setting aside their abstractly held opinions as to the impact of verdicts on insurance costs, that they would do so, and that they could fairly render an appropriate verdict based on the evidence and law presented in the case. There is no reason to assume, on this record, that the jurors questioned their own ability to be fair and impartial.
The circumstances here are not unlike those in Fazzolari v. City of West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992), rev. denied, 620 So.2d 760 (Fla.1993). There, we said
A general, abstract bias about a particular class of litigation will not, in itself, disqualify a juror where it appears that the bias can be set aside. Montecristi Condominium Ass’n v. Hickey, 408 So.2d 671 (Fla. 4th DCA 1982)_ Here, the jurors indicated that they would set aside any feelings that they had and that they would follow the law. (citations omitted) Under the facts of this case, the able trial judge did not abuse his discretion in deciding that the jurors had been rehabilitated about their initial negative feelings.
Id. at 928-29.
We also find no error or abuse of discretion as to the other issues raised.
STONE, WARNER and SHAHOOD, JJ., concur.