674 So.2d 761 (1996)
Mikhail GOLDENBERG and Irena Goldenberg, Appellants,
v.
REGIONAL IMPORT AND EXPORT TRUCKING CO., INC., a New Jersey corporation, Karen Geiger, an individual, Jack Trammell, an individual, d/b/a University at Sunrise Exxon and Brian Kolb, an individual, Appellees.
No. 95-0304.
District Court of Appeal of Florida, Fourth District.
April 17, 1996.
Rehearing, Rehearing, and Clarification Denied June 11, 1996.
*762 Dan Cytryn of Law Offices of Dan Cytryn, P.A., Tamarac, for appellants.
Steven B. Sundook of Peters, Robertson, Lax, Parson, Welcher, Mowers & Passaro, P.A., Fort Myers, for Appellees-Regional Import and Karen Geiger.
Christopher Lynch of Angone, Hunter, McClure, Lunch & Williams, P.A., Miami, for Appellees-Trammell and Kolb.
Rehearing, Rehearing En Banc, and Clarification Denied June 11, 1996.
PARIENTE, Judge.
Appellants, Mikhail Goldenberg and Irena Goldenberg (plaintiffs), appeal from a jury verdict in a personal injury action which awarded Mikhail Goldenberg his past and future medical bills, but did not include any intangible damages. We reverse for a new trial because the trial court failed to excuse a juror for cause who had expressed definite biases and prejudices against the particular type of personal injury lawsuit brought by plaintiffs based on her own personal experiences.
*763 Plaintiffs challenged juror Pomerleau for cause. During voir dire examination, this juror had explained that her father was an orthopedic surgeon, Dr. Ian Murphy, who had thus been involved in a lot of accident cases and had been sued for medical malpractice "many times." She also related a personal experience involving her father who had been sued for a car accident by a man who was "fine" until he found out that her father was a doctor. Juror Pomerleau stated that she has learned that "some people are dishonest." It is against this backdrop that the following exchanges have particular meaning:
PLAINTIFFS' COUNSEL: If Mr. Goldenberg is seeking to collect money for pain and suffering and seeking to get monetary compensation for that, is that kind of maybe not really what you feel is the truth, if somebody doesn't have a substantial injury?
JUROR POMERLEAU: I don't believe that's true. That's my opinion.
PLAINTIFFS' COUNSEL: I asked
JUROR POMERLEAU: Not always. I know different people that have had little incidents and they have sued and they get all kind of monies and I feel that that's dishonest. That's my opinion I feel that's wrong.
PLAINTIFFS' COUNSEL: If we have the same type of circumstances in this case where it's not a substantial injury, would it be fair to say that you would have a little difficulty being fair and impartial?
JUROR POMERLEAU: I would feel that they are being dishonest.
(Emphasis supplied). The trial court then interjected the following:
THE COURT: The question is, could she [juror Pomerleau] be fair and reasonable under the circumstances? If it's a minor injury, could you be fair and reasonable under the circumstances and if it's a major injury, could you be fair and reasonable under the circumstances?
JUROR POMERLEAU: I am a fair person.
With this response, the trial court then allowed plaintiffs' counsel to continue with his questioning:
PLAINTIFFS' COUNSEL: [T]his isn't a major injury case. It's a smaller injury case. So in light of those circumstances, would we have to overcome a burden and not be starting off even with the defense?
JUROR POMERLEAU: If I heard the facts I could, I might make a decision that I would think it's unfair to start suing somebody if it wasn't really bad damages, because I feel that that's being dishonest.
PLAINTIFFS' COUNSEL: If that's the case, then you would have a little difficulty in being impartial in this case?
JUROR POMERLEAU: Because I would feel in my mind that they were being dishonest.
PLAINTIFFS' COUNSEL: Is that a yes?
JUROR POMERLEAU: Yes.
(Emphasis supplied).
"[I]mpartiality of the finders of fact is an absolute prerequisite to our system of justice." Williams v. State, 638 So.2d 976, 978 (Fla. 4th DCA 1994), review denied, 654 So.2d 920 (Fla.1995). As this court recently reiterated in Montozzi v. State, 633 So.2d 563, 565 (Fla. 4th DCA 1994), "this court applies a `reasonable doubt' standard to juror qualifications: i.e., if there is a reasonable doubt about a juror's impartiality, then the juror should have been dismissed for cause." See also Williams, 638 So.2d at 978, and cases cited therein; Levy v. Hawk's Cay, Inc., 543 So.2d 1299 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla.1989).
In this case, juror Pomerleau expressed a definite bias against individuals with relatively minor injuries who seek damages for pain and suffering. She freely volunteered the opinion that people with minor injuries who sued for pain and suffering were often being dishonest. Even in response to a direct question from the trial court as to whether she could be fair and reasonable under the circumstances, whether the injury suffered was major or minor, juror Pomerleau stated only that she was "a fair person." *764 Thus, juror Pomerleau never indicated she could be fair and impartial.
Defendants rely on Fazzolari v. City of West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992), review denied, 620 So.2d 760 (Fla.1993), where jurors spoke about general negative feelings about personal injury litigation, but in the end stated that they could put aside their feelings and judge the case on the facts and law regardless of any feelings they may have had about excessive jury awards. In affirming, this court stated that a "general, abstract bias about a particular class of litigation will not, in itself, disqualify a juror where it appears that the bias can be set aside." Id. at 928 (citing to Montecristi Condominium Ass'n, Inc. v. Hickey, 408 So.2d 671 (Fla. 4th DCA 1981)). The Fazzolari court specifically distinguished the third district's holding in Levy because, unlike the jurors in Levy, the Fazzolari jurors' negative feelings were "not associated with lawsuits against them or their families or with their personal acquaintance with a party or a party's lawyer." 608 So.2d at 928. See also Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922 (Fla. 4th DCA 1988).
Despite defendants' reliance on Fazzolari, this case is distinguishable. In Fazzolari, the jurors expressed general abstract negative feelings regarding personal injury lawsuits. Their feelings were not based upon any personal experience. In this case, however, similar to Levy and unlike Fazzolari, juror Pomerleau expressed negative feelings as to the particular type of personal injury lawsuit brought by plaintiffsactions for pain and suffering where there was a relatively minor injury and lost wages and medical bills had been paid. Moreover, her feelings were based in part upon her account of her father's experiences as a doctor who was also a defendant in civil litigation.
Unlike the jurors in Fazzolari, this juror was not arguably rehabilitated in subsequent questioning and she never even indicated she could be fair and impartial in this caseshe stated only that she was a fair person. It is only human nature to think of oneself as fair-minded; such a statement is meaningless against a backdrop of clearly and strongly expressed negative opinions about individuals seeking damages for relatively minor injuries. As succinctly stated in Singer v. State, 109 So.2d 7, 24 (Fla.1959), "[i]t is difficult for any person to admit he is incapable of being able to judge fairly and impartially."
Juror Pomerleau may indeed have been a fair person in the abstract, but her statement that she was a "fair person" is far from an unequivocal statement of her ability to be fair and impartial in this caseespecially in light of her previous strongly-expressed opinions. See Montozzi, 633 So.2d at 565. Further, "[e]fforts at rehabilitating a prospective juror should always be considered in light of what the juror had freely said before the salvage efforts began." Id.; see also Singer; Williams.
Close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality. See Williams; Montozzi; Longshore; Sydleman v. Benson, 463 So.2d 533 (Fla. 4th DCA 1985). We continue to adhere to the proposition that in close cases a juror should be excused for cause so that the impartiality of the jury is not compromised. This was not even a close case. This juror should have been excused for cause because she had strongly-held opinions that individuals with minor injuries suing for damages were essentially dishonest.
Because we reverse on this ground, we do not address the other issues raised by plaintiffs on appeal except to state that the trial court did not abuse its discretion in limiting the cross-examination of the defense doctor because permanency was uncontested. Cf. Secada v. Weinstein, 563 So.2d 172 (Fla. 3d DCA 1990). Further, as to the contention of defendants Jack Trammell and Brian Kolb, we do not agree that the trial court improperly denied their motion for directed verdict. A directed verdict should only be granted where "the evidence, viewed in a light most favorable to the non-moving party, shows that a jury could not reasonably differ as to the existence of a material fact and that the movant is entitled to a judgment as a matter of law." Briscoe Enters. Ltd. of Fla. *765 III v. Palm Beach County, 623 So.2d 560, 560 (Fla. 4th DCA 1993). Here, we find sufficient evidence to support denial of the motion for directed verdict. See Simpson v. Simpson, 232 So.2d 249 (Fla. 1st DCA 1970).
REVERSED and REMANDED.
KLEIN and GROSS, JJ., concur.