STONE, J.
Pacot (Plaintiff below) appeals a judgment entered in favor of the defendants following a jury trial. We reverse based on error in denying Plaintiffs challenges for cause directed to jurors who stated *1142 that they would have difficulty following the law regarding damage awards for pain and suffering.
Plaintiff sued Sheriff Gary Wheeler and Deputy Sheriff Toby Teague for damages sustained during Teague’s arrest of Pacot in which Teague’s police dog attacked and bit him. Plaintiff sought damages for pain and suffering as well as economic damages.
During voir dire, several jurors, Hill, McAlarnen, Darmohray, Tessier, and Glad, using similar although not identical language, first stated that they would have a problem with awarding damages for pain and suffering unless it was incident to a condition that the plaintiff would suffer from for life. Plaintiffs counsel gave each prospective juror an example wherein a hypothetical plaintiff suffered pain from a broken arm that healed following surgery. On follow-up questioning, each juror disagreed with, and stated that he or she would have “trouble” or “difficulty” or a “problem” following an instruction on the law that provided for awarding damages for pain and suffering for a limited period of time of weeks or months.
The test to be applied in determining whether a challenge for cause should be granted is “whether the juror can lay aside any bias or prejudice and render a verdict solely upon the evidence presented and the instructions on the law given by the court.” Bryant v. State, 656 So.2d 426, 428 (Fla.1995).
We recognize that the trial court has wide discretion in ruling on challenges for cause and that a trial court is in a far better position to properly evaluate the responses of jurors. See Cook v. State, 542 So.2d 964 (Fla.1989). Moreover, the Florida Supreme Court has gone so far as to recognize that:
There are few aspects of a jury trial where we would be less inclined to disturb a trial judge’s exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empanel-ling of a jury.
Id. at 969.
Despite the broad discretion we must accord the trial courts, we are called upon, at the same time, to apply a “reasonable doubt standard.” In other words, “if there is a reasonable doubt about a juror’s impartiality, then the juror should [be] dismissed for cause.” Goldenberg v. Regional Import and Export Trucking Co., 674 So.2d 761, 763 (Fla. 4th DCA 1996)(quoting Montozzi v. State, 633 So.2d 563, 565 (Fla. 4th DCA 1994)). Furthermore, as we have stated, “close cases should be resolved in favor of dismissing a juror." Montozzi, 633 So.2d at 565. We note that this strict standard, which is equally applicable to civil and criminal cases, does not appear to leave room for “broad” discretion in these circumstances.
This court has previously determined that a definite bias against awarding non-economic damages may be grounds for excusing a juror for cause, depending on the questions asked and responses given. See Sisto v. Aetna Cas. and Sur. Co., 689 So.2d 438 (Fla. 4th DCA 1997).
Here, jurors Hill, Darmohray, McAlar-nen, Glad, and Tessier each indicated in similar fashion that they would have difficulty following the law regarding compensation for pain and suffering, and none of the jurors was “rehabilitated” as to this response. It is clear that “difficulty,” or a “problem,” or “trouble,” in following the law is not the same as an outright refusal. Nevertheless, we have also held that inability or difficulty in putting a juror’s feelings aside so that she might be fair to the defendant is sufficient to require the trial court to grant a challenge for cause. See James v. State, 736 So.2d 1260 (Fla. 4th DCA 1999).
We recognize that the circumstances here might be considered marginal, in that they neither reflect a particular bias against the plaintiff, nor are they based on some unique circumstance. Nevertheless, *1143 this court has determined that this category of “close cases should be resolved in favor of dismissing the juror.” Montozzi, at 565. Accordingly, we reverse and remand for a new trial.
HAZOURI, J. and STETTIN, HERBERT, Senior Judge, concur.