PLEUS, J.,
dissents.
I respectfully dissent. The trial court applied the correct legal rule and properly exercised its broad discretion in rejecting the plaintiffs challenges for cause to potential jurors Love and Garner, neither of whom served on the jury.
The trial judge is in the best position to evaluate a juror’s responses during voir dire. The well-settled test for a challenge for cause is not whether the potential juror expresses some bias. Realistically, nearly all jurors have a certain quantum of bias. A general, abstract bias will not disqualify a juror unless it appears that the bias cannot be set aside and the case decided on the basis of the evidence and instructions presented at trial. The trial judge makes the call.
It is a dangerous practice for appellate courts to reverse a trial court’s decision based on a cold record. Our Supreme Court, in Kearse v. State, 770 So.2d 1119 (Fla.2000), observed:
In reviewing a claim of error such as this, we have recognized that the trial court has a unique vantage point in the determination of juror bias. The trial court is able to see the jurors’ voir dire responses and make observations which simply cannot be discerned from an appellate record.
Kearse, supra citing Smith v. State, 699 So.2d 629, 685-36 (Fla.1997).
This principle applies particularly to Love who repeatedly stated she was confident she could return a verdict based on the evidence. Just as significant is the misapplication of the law to this case. The exchange as to Garner relied upon for awarding a new trial is as follows:
[PLAINTIFF’S COUNSEL MITNIK]: First of all, let me ask you, by a showing of hands, how many of you feel that there is a problem with too many lawsuits against the health care profession and it could potentially create a situation that would make it difficult, for example, for you to get a doctor or for your — for yourself or your family?
How may people on the front row feel that way? First of all, do you follow my question? How many feel that there is — there are too many suits against the health care profession? It could potentially create a problem where you can’t get a good doctor or you' think it’s a troubling situation?
We’ve got Ms. Love....
We have Ms. Adams and we have Mr. Garner. Anyone else?
*938 Let me ask — let me ask you, Mr. Garner, because of that feeling, is part of your feeling that there’s a cumulative effect of the suits, without really regard for some of them may be valid, some may not be valid, but there’s a cumulative effect that’s adverse in your mind of the total number?
[MR. GARNER]: Yes, I do, absolutely.
[MITNIK]: Because of that, would your preference be in this case, if you were to sit as a juror, that the evidence come out in such a way that you, in good conscience, could bring back a verdict for the defense so as not to add to that cumulative effect of stacking one more onto it? Is that a preference of yours, without hearing any of the evidence?
I’m not talking about what you do once you hear the evidence. As you sit here, if you had a choice, would your choice be, I’d rather have a defense verdict and not add to this problem that I believe exists, from a cumulative nature?
[MR. GARNER]: Yeah, I probably would. I’m thinking.
[MITNIK]: By you — by you thinking through it and going past kind of the knee jerk reaction,—
[MR. GARNER]: Right.
[MITNIK]: —in thinking through it and being candid with me like that, it’s [sic] shows that you’re taking this process seriously and I appreciate it.
(Emphasis added).
Not only is this exchange somewhat ambiguous, more importantly, as the trial court correctly observed, the plaintiff, in seeking to establish cause, failed to “lock it up” by asking Garner whether he could lay aside any bias or prejudice and render a verdict solely upon the evidence and instructions on the law. And that, as the majority itself recognizes, is the test. The question asked by the plaintiffs counsel expressly instructed Garner not to consider “what you do once you hear the evidence.” There is simply no basis whatsoever in the record for the conclusion that Garner could not render an impartial verdict — that was the critical question and it was never asked. At most, the plaintiff showed a general bias on Garner’s part about a particular class of litigation which, in itself, does not warrant disqualification. See Fazzolari v. West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992), disapproved on other grounds, Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89 (Fla. 1995) (ruling that jurors who had negative feelings about personal injury law suits were not required to be excused for cause where they could set aside such findings).
In sum, the majority announces the correct legal rule but then proceeds to misapply it to this case. In doing so, the majority opinion conflicts with Florida decisional law dealing with the standard applicable to challenges for cause. The plaintiff is not entitled to another trial and the final judgment should be affirmed.