GROSS, J.
Michelíé Frazier appeals an adverse final judgment entered against her in a personal injury case. We write to address one issue, whether the case must be reversed because the trial court erred in refusing to excuse a juror for cause.
Frazier moved to excuse prospective juror Duranza for cause; he had expressed some distaste for lawyers (“I don’t care for lawyers much at all”), suggested that he would hold the plaintiff to a “clear and obvious” standard of proof, and indicated that plaintiffs in general were “looking for easy money” and “trying to cheat the system” to “make an easy buck.” Duranza agreed that the plaintiff would have to overcome a “resistance” on his part if he served as a juror..
The trial court denied Frazier’s challenge to Duranza for cause. Frazier used a peremptory challenge to remove Duran-za from the jury. Frazier later exhausted her peremptory challenges. She asked the trial judge for an additional peremptory challenge to.strike juror Donoho, who was *1217 under consideration as the alternate juror. The trial court denied the request and Donoho was seated as the alternate. Before the jury retired to deliberate, the trial court excused juror Donoho, so she neither served on the jury nor participated in deliberations.
We agree with Frazier that a reasonable doubt existed about potential juror Duranza’s impartiality, such that he should have been dismissed for cause. See, e.g., Bell v. Greissman, 902 So.2d 846, 848 (Fla. 4th DCA 2005); Jaffe v. Applebaum, 830 So.2d 136 (Fla. 4th DCA 2002); Goldenberg v. Reg’l Imp. & Exp. Trucking, Co., Inc., 674 So.2d 761 (Fla. 4th DCA 1996). However, we do not reverse, because Frazier cannot demonstrate that the juror to whom she objected participated in deliberations.
“[T]o preserve for appellate review a claim that the trial court improperly denied a cause challenge to a juror, a [party] must exhaust his peremptory challenges, request an additional peremptory challenge from the court, and demonstrate that an objectionable juror was seated.” Jenkins v. State, 824 So.2d 977, 981 (Fla. 4th DCA 2002). As the supreme court wrote in Trotter v. State, 576 So.2d 691, 693 (Fla.1990), the juror identified as objectionable “must be an individual who actually sat on the jury....” We read this requirement from Trotter as meaning that the objectionable juror must have participated in deliberations leading to a verdict, so that it can be said that some harm or prejudice to the objecting party occurred.
Affirmed.
STONE, J., and SCOLA, JACQUELINE H., Associate Judge, concur.