995 So.2d 1135 (2008)
FLORIDA FARM BUREAU GENERAL INSURANCE, etc., Appellant,
v.
Johnny JORDAN, Appellee.
No. 5D07-3543.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
*1136 Lester A. Lewis, of Lewis & Leiser, Daytona Beach, for Appellant.
Jay F. Floyd, St. Augustine, for Appellee.
GRIFFIN, J.
Appellant, Florida Farm Bureau General Insurance Company ["Farm Bureau"], appeals an order of the lower court granting Appellee, Johnny Jordan ["Jordan"], a new trial.
Johnny Jordan was involved in a motor vehicle accident on August 29, 2003. At the time of the accident, Jordan was working and was driving a truck owned by his employer. Jordan received the liability limits of the tortfeasor's policy, underinsured motorist benefits from his employer's insurer, worker's compensation and the $15,000 limit under Jordan's personal auto policy issued by Farm Bureau for PIP and MedPay coverage.
Jordan filed suit below against Farm Bureau for underinsured motorist benefits for claimed excess damages. Liability was admitted, and the case proceeded to trial on the issues of damages. The evidence at trial showed that Jordan incurred medical bills exceeding $62,000. Jordan's average weekly income prior to the accident had been $603.31.[1] Jordan was deemed to have an IQ of about sixty-five, with poor basic reading and math skills.
At trial, Jordan claimed that he had not worked since the date of the accident, three and one-half years earlier, due to his injuries, and was unemployable. Farm Bureau contended and offered evidence that Jordan was not permanently impaired or injured, was not restricted in his ability to work and needed no continuing medical care for any injury or physical condition caused by the accident. Witnesses, including some of Jordan's treating physicians, testified that Jordan's subjective complaints were out of proportion to their objective clinical findings.
Following closing arguments, the jury was instructed and the verdict form was explained. A key question was whether Jordan had sustained a permanent injury within a reasonable degree of medical certainty as a result of the accident. Given the structure of the verdict form, the jury was not required to determine future economic damages and future non-economic damages unless they determined that Jordan had sustained a permanent impairment.
The jury awarded Jordan damages for his past medical bills in the amount of $6,628.76, but subtracted the $5,000 Farm Bureau had paid Jordan as MedPay coverage under his policy.[2] They also awarded $12,000 for past lost income, but subtracted $10,000, which Farm Bureau paid out as PIP benefits under Jordan's policy.[3] No *1137 objection was raised to the verdict when it was rendered and the jury was discharged.
After the verdict, Jordan filed a motion for new trial, relying on the error in the structure of the verdict form. After a hearing on the motion, the trial court granted the motion for new trial, citing Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89 (Fla.1995).
Both parties agree that Tompkins permits the award of future economic damages even where, as here, the jury did not find any permanent injury. Farm Bureau contends, however, that Jordan presented his case in such a way that Jordan was requesting future economic damages based only on a permanent injury. In Tompkins, the plaintiff requested that the jury be given a verdict form that allowed for an award of future economic damages even if the jury failed to find that he had suffered a permanent injury. The trial court denied the request and gave a jury instruction that required that the jury find a permanent injury within a reasonable degree of medical probability in order to award future economic damages. The jury awarded only past economic damages. The plaintiff appealed to the Second District, which agreed that the lower court erred in instructing the jury that future economic damages were recoverable only if permanent injuries were sustained. The Florida Supreme Court determined that it is appropriate to permit the recovery of future economic damages in the absence of permanent injury when such damages are proved with reasonable certainty. The court noted that, although a permanent injury is not a prerequisite to recovering future economic damages, it is a significant factor in establishing that the future damages are reasonably certain to occur. Tompkins, 651 So.2d at 90.
In this case, no evidence was offered of future medical expenses reasonably certain to occur. Jordan's only position at trial was that the evidence established Jordan was permanently injured and that, as a result of the permanent injury, Jordan would need medical treatment for the remainder of his life. At oral argument, Jordan's counsel observed that it would disadvantage his client's permanency claim if he were to offer evidence of future damages of limited duration.
Farm Bureau additionally contends that, even if there were an error in the structure of the verdict form, the error was harmless because the award of past damages was minimal, apparently covering only a five-month period subsequent to the accident, demonstrating that it would not have awarded future damages. Below, the jury awarded $6,628.76 of the $43,114.14 requested, which amount appears to cover Jordan's medical bills from the date of the accident August 29, 2003, through January 6, 2004, and two follow up visits with one of his treating physicians. The jury also awarded past lost wages in the amount of $12,000 while rejecting Jordan's requested $108,000, representing past lost income from the date of the accident through the date of trial.[4]
Jordan is correct that the verdict form should give the jury the option to award future damages even if there was no *1138 permanent injury. In this case, however, there was insufficient evidence of probable future economic damages presented by the plaintiff. Also, given that the damages awarded covered only a fraction of the period claimed for identical past damages, the verdict form error could not have been harmful. The trial court accordingly erred in granting a new trial. We reverse and remand for the jury's verdict to be reinstated.
REVERSED and REMANDED.
PALMER, C.J., and LAUTEN, F., Associate Judge, concur.
NOTES
[1] Before the accident, Jordan was a "skidder," someone who hauled timber out of the forest for loading onto haulers.
[2] Pursuant to an agreement of counsel in discussions with the court, the jury was instructed that Farm Bureau had paid a total of $15,000 in PIP/MedPay benefits to or on behalf of Jordan. The jury was also instructed that any award of past medical expense and lost income should be offset by the $5,000 paid by Farm Bureau.
[3] According to Farm Bureau, the $12,000 award was based on Jordan's average weekly wage times twenty weeks, which it contends was the time the jury determined Jordan was able to return to work, mid-January, 2004. The past medical expense award, Farm Bureau asserts, represents charges for treatment which occurred before February 1, 2004, except for treatment by a physician on November 8, 2004, December 20, 2004, and February 2, 2005. Farm Bureau asserts that these numbers show that the jury found that Jordan was able to return to work and did not need medical treatments except for those few visits mentioned.
[4] Courts should construe verdicts to carry out the jury's intention. See Brod v. Adler, 570 So.2d 1312, 1313 (Fla. 3d DCA 1990).