PER CURIAM.
The appellants, Alicia Montesinos and Hughette Esquivel (collectively “Appellants”), appeal from a final judgment entered in favor of the appellee, Javier Zapata (“Zapata”) and from post-trial orders denying their motions for a new trial, re-mittitur, and judgment in accordance with motion for directed verdict and/or for judgment notwithstanding the verdict. We reverse in part and affirm in part.
An appellate court reviews a trial court’s denial of a motion for new trial for an abuse of discretion. Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999); SDG Dadeland Assocs., Inc. v. Anthony, 979 So.2d 997, 1001 (Fla. 3d DCA 2008). “Despite this deferential standard, ‘an appellate court should reverse a jury verdict *99 when there is no rational basis in the evidence to support the verdict of the jury.’ ” Izquierdo v. Gyroscope, Inc., 946 So.2d 115, 118 (Fla. 4th DCA 2007) (quoting Sifford v. Trans Air, Inc., 492 So.2d 407, 408 (Fla. 4th DCA 1986)). Additionally, an appellate court may order a remitti-tur if it believes the jury verdict amount “is so great or small as to indicate that the jury must have found it while under the influence of passion, prejudice, or gross mistake.” Lassitter v. Int’l Union of Operating Eng’rs, 349 So.2d 622, 627 (Fla.1976). See also § 768.043(2)(e), Fla. Stat. (2009) (“In determining whether an award is clearly excessive or inadequate ... the court shall consider ... [wjhether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by a reasonable person.”).

Damages For Future Medical Expenses

On appeal, Appellants argue that the trial court abused its discretion in denying their motion for new trial and motion for remittitur where the evidence presented at trial was insufficient to permit the jury to award future medical expenses.[1] We agree. As the Supreme Court stated in Loftin v. Wilson, 67 So.2d 185, 188 (Fla.1953), “[i]n every case, plaintiff must afford a basis for a reasonable estimate of the amount of his loss and only medical expenses which are reasonably certain to be incurred in the future are recoverable.” Accordingly, an award of future economic damages is appropriate “when such damages are established with reasonable certainty.” Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89, 91 (Fla.1995).
Permanent injury is not a prerequisite to such an award, although “it is a significant factor in establishing the reasonable certainty of the future damages.” Id. It is a plaintiffs burden to establish that future medical expenses will more probably than not be incurred. Kloster Cruise Ltd. v. Grubbs, 762 So.2d 552, 556 (Fla. 3d DCA 2000). “That burden will only be met with competent substantial evidence.” Id.
We find that Zapata failed to meet his burden. While there is evidence in the record from which a jury could conclude that Zapata suffered a permanent injury, the $93,000 awarded to Zapata for future medical expenses is not supported by competent substantial evidence. Zapata attempts to justify the $93,000 award by arguing that this amount is a multiple of the $14,000 the jury awarded for past medical expenses.
Because the record lacks testimony regarding a probable need for any medical treatment in the future, we are not convinced by this argument. At trial, one of Zapata’s treating physicians, Dr. Putty, testified that Zapata was “again having some neck pain,” and Zapata testified that he had taken medicine that day for pain relief. However, neither Zapata nor any other witness testified that Zapata continued his extensive pain management treatment post-surgery, and, if he had, whether the type and frequency of treatment remained the same as it had been pre-sur-gery. Indeed, Dr. Putty testified that Zapata reported that his preoperative pain was better after the surgery. In short, because we conclude that there was no competent substantial evidence presented below that Zapata was reasonably certain *100 to need future medical treatment, we reverse for a new trial on the issue of future medical expenses. Alternatively, the trial court may order a remittitur as to the amount of future medical expenses.

Postr-Trial Setoff

On appeal, Appellants argue that the trial court erred in failing to reduce the jury’s award for past damages, in accordance with the parties’ agreement, in an amount equal to the PIP benefits paid to Zapata.[2] Indeed, Zapata concedes that this was error, although he disputes whether the amount of the setoff should include the deductible. See generally McKenna v. Carlson, 771 So.2d 555 (Fla. 5th DCA 2000) (finding that PIP deductible was correctly set off from the verdict). Appellants assert that the proper setoff amount is $10,000. Accordingly, on remand, the trial court shall determine and apply the proper amount of setoff for PIP benefits to the award to past damages.
Based on the foregoing, we reverse the final judgment entered in favor of Zapata and remand for a new trial on the issue of future medical expenses, or, in the alternative, entry of an Amended Final Judgment remitting the award for future medical expenses. Lastly, we remand this case to the trial court for it to determine and apply the proper amount of setoff for PIP benefits to the award of past damages.
Affirmed in part, reversed in part with directions.

. Appellants also appeal the jury award of past lost wages and future loss of earning capacity. Because we do not find these issues to be meritorious, we affirm the trial judgment on these grounds without further discussion. We further decline to address the remaining issue raised on appeal, and affirm without further discussion.

. Prior to trial, Zapata's counsel agreed that there would need to be a post-trial setoff against any damage award, specifically stating: "I would agree that the $8,000 comes off from the PIP. There’s no question about that.” It appears from the record that at the hearing on post-trial motions the trial court acknowledged that a setoff for PIP benefits was required. However, the trial court did not set off any amount from the jury's award of damages.