242 So.2d 741 (1971)
Jose A. RODRIGUEZ and Leah Rodriguez, Appellants,
v.
ALLGREEN CORPORATION, a Florida Corporation, Appellee.
No. 70-349.
District Court of Appeal of Florida, Fourth District.
January 8, 1971.
*742 Harold C. Starkweather and James M. Henderson, of Kneale, Roberts, Kneale, Starkweather & Henderson, Miami, for appellants.
Gilbert Haddad, of Preddy, Haddad, Kutner & Hardy, Miami, for appellee.
WALDEN, Judge.
This was a personal injury case arising out of an automobile accident.
The liability issue was strongly contested.
The jury returned a verdict for the plaintiff husband in approximately the sum of his medical bills. Without going into detail it is manifest and uncontradicted that he suffered damages greatly in excess of the sum allowed because of permanent disability, loss of wages, and pain and suffering occasioned by hospitalization, a bone transplant and required use of crutches for 4 1/2 months, and other things.
The jury shortly before rendition of verdict asked, "can we compensate the plaintiffs for the medical expense only?" While we cannot plumb the mind of the jury, this question (correctly answered by the trial court) coupled with their return of only the medical expenses causes us to strongly suspect as a matter of consistency that the jury compromised the issues of liability and damages.
We are of the opinion with reference to the plaintiff husband that the verdict was grossly inadequate and legally inconsistent with the proofs. Grossman v. Short, Fla. App. 1970, 235 So.2d 11; Griffis v. Hill, Fla. 1969, 230 So.2d 143 and Pickel v. Rosen, Fla.App. 1968, 214 So.2d 730. We reverse with directions to grant the plaintiff, Jose A. Rodriguez, a new trial upon both the issue of liability and the issue of damages.
Other points raised on appeal do not reveal error and do not merit discussion. We affirm the judgment entered in favor of the wife, Leah Rodriguez.
Affirmed in part; reversed in part, and remanded with directions.
OWEN and REED, JJ., concur.