446 So.2d 713 (1984)
Carl J. THORNBURG and Barbara Ann Thornburg, Husband and Wife, Individually and As Parents and Natural Guardian of Carl Douglas Thornburg, a Minor, Appellants,
v.
Horace PURSELL, Patricia Pursell, Joseph Pursell, Michelle Woolever, Flavius Johnson, Gregory Pursell, Joni Pursell, Terry Pursell, George Hill, and Mary Hill, D/B/a Fifty's Fantasy and/or Family Entertainment Center, and the City of Arcadia, a Municipal Corporation, Appellees.
No. 83-1113.
District Court of Appeal of Florida, Second District.
February 8, 1984.
Rehearing Denied March 12, 1984.
*714 Arnold Ginsberg of Horton, Perse & Ginsberg, Miami, and Law Offices of Bruce L. Scheiner, Fort Myers, for appellants.
Kenneth W. Beesting, Arcadia, for appellees Horace Pursell, Patricia Pursell, Joseph Pursell, Michelle Woolever, Flavius Johnson, Gregory Pursell, Joni Pursell, Terry Pursell, George Hill and Mary Hill, d/b/a Fifty's Fantasy and/or Family Entertainment Center.
James H. Burgess, Jr., of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellee City of Arcadia.
SCHEB, Judge.
The Thornburgs sued appellees on the ground that their negligence resulted in injuries to Carl Thornburg, a minor. A jury returned a verdict for the plaintiffs and assessed one-third of the negligence against the Pursells, one-third against the City of Arcadia, and the remaining one-third against the minor plaintiff. The Thornburgs sought a new trial on the ground that damages were inadequate. The trial court denied their motion and this appeal ensued.
Carl Thornburg, then age eleven, was injured on November 28, 1979, when he was riding his bicycle on the premises of Fifty's Fantasy in the City of Arcadia. Two of the child's permanent front teeth were knocked out. The evidence was sufficient to sustain the jury's finding of liability and there was no credible evidence offered to suggest the child's injuries were not the direct result of the accident. The dentist, who fitted Carl with a removable partial denture, charged $535; another dentist who examined him charged $40. In addition to Carl's testimony of the pain and suffering he sustained as a result of the accident, the expert dental testimony also disclosed that Carl would eventually need an affixed bridge to replace the removable partial denture, which would cost approximately $1,500.
The jury was specifically instructed to consider as elements of damage: bodily injury; pain and suffering, past and future; and reasonable medical expenses, past and future. The jury awarded the plaintiffs $575, the precise amount of the past medical expenses, and made no allowance for pain and suffering and future medical expenses.
Under these facts no reasonable jury would have returned a verdict for the actual medical expenses alone. See Griffis v. Hill, 230 So.2d 143 (Fla. 1969). Where, as here, a jury finds liability and awards only the amount of the medical expenses incurred, despite evidence of pain and suffering and uncontradicted testimony as to the need for future medical expenses, the award is considered to be inadequate. Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980), aff'd., 401 So.2d 1322 (Fla. 1981). See also Hector v. Florida Farm Bureau Mutual Insurance Co., 364 So.2d 1253 (Fla. 2d DCA 1978). Under these circumstances it was error for the trial court to deny plaintiffs' motion for a new trial on the issue of damages.
We have examined and reject the cross-appeal filed by the City of Arcadia.
Accordingly, we affirm the judgment as to liability but remand for a new trial on the issue of damages.
GRIMES, A.C.J., and SCHOONOVER, J., concur.