RYDER, Judge.
George Wallace Williams appeals from a court order granting a new trial on the issue of damages only. We reverse and remand for a new trial on both liability and damages.
In the early morning hours of December 4, 1982, appellant Williams, a cab driver, was picking up a fare outside the Waffle House. His cab partially blocked the driveway to the Waffle House. Clarence Whit-lock, with appellee John Ragsdale as his passenger, was forced to drive around appellant’s cab to enter the Waffle House parking lot. An altercation resulted.
After parking, Whitlock approached appellant who remained near his cab. Whit-lock pretended to have a weapon. Appellant radioed for police assistance. Appel-lee, believing that Whitlock was in trouble, ran from the Waffle House to Whitlock’s side. Appellant, appellee and Whitlock disappeared behind a van. Appellee emerged with a stab wound. Appellee sued appellant for assault and battery. Appellee sued appellant’s employer, Yellow Cab Company, for appellant’s negligent hiring and retention. Appellant’s assault and battery case was severed. Appellant’s theory at trial was self-defense. The jury found appellant liable and returned a verdict of $31,193.00, the exact amount of appellee’s undisputed medical bills.
Appellee moved for a new trial on damages; appellant moved for a new trial on liability. Finding the damage award to be inadequate, the trial court limited the new trial to the damages issue and denied appellant’s motion for a new trial on the liability issue.
To grant a new trial on the damages issue alone, defendant’s liability must be unequivocally established and not a matter of substantial dispute at trial and the inadequacy of the verdict must be the result of a misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not the result of a jury compromise on the liability issue. The 1661 Corporation v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972). As was stated in Duquette v. Hindman, 152 So.2d 789 (Fla. 1st DCA 1963):
In reviewing those cases which are reversed on the ground that damages awarded are grossly inadequate, it is usually found that the facts on which liability is predicated are such that it is not difficult to presume that the jury most likely determined that it was skating on thin ice, to put it mildly, in finding for the plaintiff, and the suspicion persists that such lack of conviction is compensated for by passing out a few crumbs rather than the whole loaf to the plaintiff. These considerations, though nebulous, indicate that upon reversal of such judgments, the ends of justice under the law will best be served by award *316 ing a new trial on the question of liability as well as damages.
Id. at 791.
The instant case is similar to Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971). In Rodriguez, the jury returned a verdict for the plaintiff in approximately the sum of his medical bills. The plaintiff, however, suffered damages greatly in excess of the sum allowed. The jury, shortly before rendition of the verdict for medical expenses only, asked, “Can we compensate the plaintiff for the medical expense only?” The Rodriguez court held that that question coupled with the jury’s return of a verdict for the plaintiff’s medical expenses only substantiated the court’s suspicion that the verdict was the result of jury compromise on the issues of liability and damages. The Rodríguez court reversed and ordered a new trial on both the issue of liability and the issue of damages.
In the instant case, whether the gross inadequacy of the verdict resulted from jury compromise on the liability issue is a matter of speculation. The jury, after reviewing the police officer’s testimony ■ on the issue of liability only, awarded just medical expenses. At trial, however, evidence was introduced that appellee suffered injuries in addition to his medical expenses.
We hold that the trial court abused its discretion in ordering a new trial solely on the issue of damages. We reverse and remand for a new trial on both the issues of liability and damages.
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and LEHAN, J., concur.