PER CURIAM.
This is a personal injury action arising out of an auto-pedestrian collision.
The jury returned a verdict for Plaintiff finding that the total amount of his damage was $4,593.00. It further found that the Plaintiff was 95% negligent and defendant was 5% negligent. Under this scenario, Plaintiff would have a net recovery of $229.65.
Under the facts of the case we find no error with reference to the jury’s apportionment of negligence.
We find reversible error with reference to the amount of damages suffered by plaintiff.
The damages proofs indicated that the total medical expense, future medical expense and lost wages was $52,213.00 (It is interesting to note that the award of $4,593.00 was precisely one half of the plaintiff’s unpaid medical expenses.) The mentioned award takes no account of his claim for damages for his permanent disability,[1] plus pain and suffering, etc.
In our opinion the award of damages was grossly against the manifest weight of evi *282 dence, as a matter of law, with the result that the judgment must be reversed and the cause remanded for a new trial limited solely to the issue of the amount of damages suffered by the plaintiff. We do this upon authority of Shelly v. Hartford Cas. Ins. Co., 445 So.2d 415 (Fla. 4th DCA 1984). See also Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971); Anderson v. Chirogianis, 884 So.2d 1289 (Fla. 5th DCA 1980); Stevens v. Mount Vernon Fire Ins. Co., 395 So.2d 1206 (Fla. 3d DCA 1981); State Farm Mutual Automobile Insurance Company v. Howard, 458 So.2d 874 (Fla. 2d DCA 1984); Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984); Blanford v. Polk County, 410 So.2d 667 (Fla. 2d DCA 1982); Grier v. Reed, 426 So.2d 1132 (Fla. 1st DCA 1983); Hector v. Florida Farm Bureau Mutual Ins. Co., 364 So.2d 1253 (Fla. 1st DCA 1978).
REVERSED AND REMANDED for a new trial upon the issue of damages.
DELL, WALDEN and POLEN, JJ., concur.

. It was undisputed that the plaintiff suffered a permanent disability. The plaintiffs treating physicians testified that the plaintiff suffered a 10% permanent disability to the body as a whole while the defense expert rated the disability at 4% to the body as a whole.