624 So.2d 818 (1993)
Paula DAIGNEAULT and Paul Daigneault, Her Husband, Appellants,
v.
William GACHE, Carol Gache and Carla Gache, Appellees.
No. 91-2473.
District Court of Appeal of Florida, Fourth District.
September 29, 1993.
*819 Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Eric Hewko of Hall, Hewko & Leibovit, P.A., West Palm Beach, for appellants.
Rosemary Wilder and Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., and Steven N. Ainbinder of Law Offices of David R. Mankin, Fort Lauderdale, for appellees.

ON MOTION FOR REHEARING
OWEN, WILLIAM C., Jr., Senior Judge.
The opinion of this court filed July 14, 1993 is withdrawn and the following opinion is substituted. Appellees' motion for rehearing, considered in light of this substituted opinion, is denied.
The sole issue here is whether the trial court erred in denying appellant's[1] motion for new trial on the grounds of inadequacy of the verdict where the jury awarded appellant, for her personal injury claim, the exact amount of her medical expenses but nothing for past pain and suffering. We reverse.
Appellant was a passenger in a vehicle which was stopped at a traffic light at the time it was struck in the rear by appellees' vehicle. The impact, described by the driver of appellees' car as a "tap," caused no damage to appellees' car and little, if any, to the vehicle in which appellant was a passenger. At the time there was no apparent sign of injury to any of the occupants of either vehicle. Six days later appellant was seen by a chiropractor, Dr. Soroka, with a complaint of hip and back pain. The doctor noted spasm in the lumbar area and took x-rays which, he stated, showed a loss of the spinal curve in the cervical area. He continued, over the next three years, to treat appellant extensively for her complaints of pain, for which treatments appellant incurred total expenses of $6,790. All but $972 of that expense was paid under her PIP coverage.
The jury was instructed that appellees were negligent and that such negligence was the legal cause of loss, injury or damage to appellant and that appellant was entitled to recover for such loss, injury or damage as was shown by the greater weight of the evidence to have been thus caused. The jury was also instructed that among the elements to be considered was any bodily injury sustained by appellant and any resulting pain and suffering,[2] and the reasonable value or expense of medical and chiropractic care and treatment necessarily or reasonably obtained by appellant in the past less the sum of $5,818 received by her under PIP. The jury's itemized verdict[3] awarded to appellant for medical expenses and lost earnings in the past the sum of $972, the exact amount of her total medical expenses less the amount received by her under PIP coverage. The verdict awarded zero for any future medical expenses or lost earning ability, and, more significant to our decision, zero for past bodily injury, pain and suffering.
Automobile personal injury cases arising prior to the effective date of section 627.737, Florida Statutes, and non-automobile personal injury cases decided both before and after that date, have held that a jury verdict awarding to an injured person only the exact amount of the medical expenses incurred and nothing for pain and suffering is an inadequate verdict as a matter of law when there is uncontradicted evidence that the injured plaintiff suffered at least some pain from the injury. See e.g., Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. *820 4th DCA 1990); Gonzalez v. Westinghouse Elec. Corp., 463 So.2d 1229 (Fla. 4th DCA 1985); Skelly v. Hartford Cas. Ins. Co., 445 So.2d 415 (Fla. 4th DCA 1984); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971); Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968). The effect of the No-Fault Law, section 627.737, Florida Statutes, was to foreclose damages for pain and suffering because of injury arising out of the ownership, maintenance, operation or use of a motor vehicle, unless the injured plaintiff first met one of the threshold requirements, e.g., permanent injury within a reasonable degree of medical probability. Thus, after the effective date of that statute a plaintiff in an automobile injury case such as this properly may be denied an award of damages for pain and suffering where the trier of fact finds that the plaintiff had not sustained a permanent injury. Of course, in any case an award for pain and suffering properly may be denied if the trier of fact reasonably concludes that the injured plaintiff had incurred no pain and suffering.
Appellees have argued, quite extensively, that the jury's failure to award appellant damages for pain and suffering can be upheld on either or both bases; that is, that appellant simply failed to satisfy the jury that she had sustained permanent injury or that the jury simply disbelieved her claim of pain and suffering. We think that neither basis is sufficiently supported by the record in this case.
As to the former, the jury made no expressed finding as to whether appellant had or had not sustained a permanent injury, due, no doubt, to the fact that the special interrogatory verdict submitted to the jury did not include an interrogatory on the issue of permanent injury. It does not seem reasonable to infer, merely from the jury's denial of an award of pain and suffering, that the jury found appellant had not sustained a permanent injury given the fact that the jury received no instruction concerning her burden to satisfy the statutory threshold requirement. The absence of any instruction on the statutory requirement, coupled with the instruction that the jury could consider any bodily injury sustained by appellant and any resulting pain and suffering, convinces us that the jury did not refuse to award damages for pain and suffering because of the statute's threshold requirement.
As to the latter, appellant testified that she experienced pain and suffering as a result of the accident and Dr. Soroka testified that his numerous treatments rendered over a three-year-period were in response to her complaints of pain. While the jury was free to disbelieve appellant's claim of pain and suffering, and was also at liberty to reject the testimony of her treating physician, Dr. Soroka, the jury could not responsibly disbelieve appellant's claim of pain and still find that all of the medical treatment rendered by Dr. Soroka to alleviate those complaints of pain was reasonable and necessary. Since the jury found that all of appellant's medical expenses in the total sum of $6,790 was for treatment necessarily or reasonably obtained by appellant as a result of her injuries, it logically follows that the jury had to believe that appellant suffered some degree of pain and discomfort as a result of her injuries. Under the teaching of the cases cited above, it was thus unreasonable for the jury not to have awarded the appellant some amount for her past physical pain and suffering. The verdict, which awarded zero for that element of damages, was therefore inadequate as a matter of law.
The judgment and the order denying appellant's motion for a new trial are severally reversed and this cause is remanded for the purpose of affording appellant a new trial on the issue of damages.
REVERSED AND REMANDED.
DELL, C.J., and GUNTHER, J., concur.
NOTES
[1] Both Paula Daigneault and her husband, Paul, were initially named as plaintiffs, and were designated as appellants in the notice of appeal. However, while the record does not disclose any disposition of Paul's claim, his claim did not go to the jury, apparently because he did not claim personal injury on his own behalf and married Paula after the accident from which her injuries arose. Furthermore, the judgment from which this appeal has been taken makes no reference to Paul and for that reason this opinion treats Paula Daigneault as the sole appellant.
[2] For whatever reason, the jury was not instructed that it must find plaintiff had sustained a permanent injury before it could consider the element of pain and suffering.
[3] The itemized verdict did not include an interrogatory as to a finding of permanent injury.