644 So.2d 160 (1994)
Larry E. MASON, Appellant,
v.
The DISTRICT BOARD OF TRUSTEES OF BROWARD COMMUNITY COLLEGE, a Body Corporate, Appellee.
No. 93-2531.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
Edward T. Dinna of Law Office of Edward T. Dinna, Fort Lauderdale, for appellant.
Susan Nunfesser and William O. Solms, Jr., Miami, for appellee.
PER CURIAM.
The jury in the instant case found appellant and appellee equally negligent. It awarded appellant $9,000 in damages for medical expenses and lost earnings in the past, but awarded no damages for future medical expenses and lost earnings, and no damages for pain and suffering  past or future. Appellant filed a motion for additur pursuant to section 768.74, Florida Statutes (1991), or a new trial, which the trial court denied. The instant appeal followed.
We reverse the final judgment and order which denied appellant's motion for additur or new trial and remand with direction to grant the motion for additur and award appellant damages for past pain and suffering, that being the only error we perceive.
Claimed errors in an evidentiary ruling and jury instructions are not persuasive.[1] Moreover, the jury had the right to conclude there was no permanent injury and to award nothing for future medical expenses, future pain and suffering and future lost wages.
*161 When a trial court is presented with a motion for an additur, it must review the amount of the award to determine if such amount is inadequate in light of the facts and circumstances presented to the trier of fact. § 768.74(1), Fla. Stat. (1991). The trial court must consider five criteria in making its determination:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
§ 768.74(5), Fla. Stat. (1991).
The jury in the instant case found the negligence of appellee caused damages to appellant. It also found each party fifty percent negligent. The jury went on to award appellant all of his medical expenses, but awarded appellant zero damages for past pain and suffering. In a similar situation, this court held that such an award by a jury was inadequate as a matter of law. See Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 623 (Fla. 1994). In Daigneault, this court reasoned that since the jury found all of the injured party's medical expenses were necessary or reasonably obtained by appellant as a result of her injuries, it "logically follows that the jury had to believe that appellant suffered some degree of pain and discomfort as a result of her injuries." Id. at 820.
In both Daigneault and the instant case, the injured party sought treatment because of pain. The juries in both cases awarded all of the medical expenses incurred as a result of treatment for that pain. Yet, the juries did not award any damages for the pain itself. Although the jury in the instant case was free to disbelieve appellant's claim of pain and suffering and the testimony of his treating physician and chiropractor, it could not have done so and at the same time found all of appellant's medical bills were reasonable and necessary for the treatment of such pain. See Daigneault, 624 So.2d at 820.[2]
The criteria of the additur statute also support a finding that the jury verdict is inadequate in the instant case. The amount awarded "bears a reasonable relation" to the amount of medical bills incurred by appellant, but not to the pain and suffering endured by him.[3] If all of appellant's treatments were reasonably necessary to alleviate his pain, then appellant suffered pain for which he should have been compensated. Hence, the jury could not have logically awarded damages for treatment and at the same time not have awarded damages for the pain requiring the treatments.[4]
At the same time, the nature of future damages is such that much discretion must be afforded to the finder of fact. Dyes v. Spick, 606 So.2d 700 (Fla. 1st DCA 1992). *162 In Fazzolari v. City of West Palm Beach, 608 So.2d 927 (Fla. 4th DCA 1992), rev. denied, 620 So.2d 760 (Fla. 1993), this court held it could not be said the jury erred in finding no permanent injury, thus the trial court did not err in refusing to overturn the jury's verdict. The facts in Fazzolari and this case are similar.[5]
In the instant case, a medical expert testified appellant had a permanent disability, but stated appellant did not inform him about a history of back problems, which could have affected his opinions in this case. Also, there was a lack of clear evidence as to appellant's loss of future earnings, appellant admitting there was no way of knowing what he earned other than his guess because there were no records.
Appellant was not admitted into a hospital after the injury, and sought medical attention after speaking with an attorney. X-rays showed that he had a preexisting injury to his back. In addition, a surveillance video, showing appellant engaging in strenuous activities, and appellant's involvement in a fist-fight shortly after he was injured on appellee's property make the instant case even stronger than Fazzolari. Given the discretion the jury had to award future damages and the evidence in the instant case, it can not be said the jury erred in not awarding appellant future damages.[6]
HERSEY, GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] The trial court did not err in excluding the testimony of appellant's expert. See § 90.801(1)(c), Fla. Stat. (1991); Auletta v. Fried, 388 So.2d 1067 (Fla. 4th DCA 1980); Fla. R.Civ.P. 1.200(d). Further, there was no error in the trial court's instruction that appellant was an uninvited licensee. Wood v. Camp, 284 So.2d 691 (Fla. 1973).
[2] Appellee argues the jury verdict, awarding damages for medical bills only, is appropriate because the jury could have held the bills were incurred in attempting to determine whether appellant's injuries were caused by his fall in the hole on appellee's property. Such diagnostic bills would be recoverable even in the absence of a finding that appellee caused appellant's injury. Blanford v. Polk County, 410 So.2d 667 (Fla. 2d DCA 1982); Ridenour v. Sharek, 388 So.2d 222 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1379 (Fla. 1981). However, in the instant case, the jury specifically found there was negligence on the part of appellee "which was the legal cause of damages" to appellant. Further, it awarded appellant damages for all of his past medical bills  for both diagnosis and treatment. The jury did more than award appellant his costs resulting from his confusion over what caused his injury. By so doing, it found appellant's treatment was reasonable and necessary to address the damages caused by appellee.
[3] § 768.74(5)(d), Fla. Stat. (1991).
[4] § 768.74(5)(e), Fla. Stat. (1991).
[5] There, the injured party's expert witnesses were cross examined concerning their opinions regarding permanent injury. Id. at 929. The experts' findings were based, in large part, on "a history given to them by the [injured party]." Id. at 929-30. There was also a lack of clear evidence concerning the injured party's future loss of earnings. Id. at 929. The court also noted in its opinion that the injured party was not admitted into the hospital after the accident, and sought additional medical treatment after consulting an attorney. Fazzolari, 608 So.2d at 929. Finally, x-rays showed the existence of a preexisting injury. Id.
[6] Many of the cases cited by appellant can be distinguished by the fact that in those cases, the permanent injury was proven, or uncontroverted evidence of a permanent injury was presented to the trier of fact. See Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990); Horowitz v. Florida Ins. Guar. Ass'n, 544 So.2d 281 (Fla. 4th DCA 1989); Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984); Skelly v. Hartford Casualty Ins. Co., 445 So.2d 415 (Fla. 4th DCA 1984); and Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971).