OWEN, William C., Jr., Senior Judge.
The primary question presented here is whether the trial court abused its discretion in denying appellants’ motion for new trial on the grounds of inadequacy of the verdict. On the facts of this ease we answer in the affirmative and reverse.
Appellant Marilyn Casper, a merchandise representative for a hosiery manufacturer, served certain retail stores in Broward County, including two owned by appellee. Her job required her, among other things, to periodically visit each store within her territory for the purpose of re-stocking the shelves with her company’s merchandise using stock which the particular store had on hand in its stockroom or storage area. She brought this suit alleging that in September, 1989, while in appellee’s Coral Springs store, and again in May, 1990, while in appellee’s Pompano Beach store, she sustained injuries through appellee’s negligence, causing her
pain and suffering and for which she reasonably and necessarily incurred medical expenses for care and treatment of her injuries.
At trial Ms. Casper offered both medical and lay testimony concerning the nature and extent of her injuries and her economic and non-economie damages, including her pain and suffering. Appellee, of course, offered substantial evidence from which the jury could have concluded that (1) all or substantially all of Ms. Casper’s complaints arose from pre-existing conditions, and (2) her complaints of pain and suffering were exaggerated and unworthy of belief. Nonetheless, for each of her claimed injuries the jury awarded Ms. Casper substantially all of the medical expenses she had incurred to alleviate her pain and suffering,[1] but awarded her nothing for the pain and suffering itself, either past or future.[2]
In Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 623 (Fla.1994), which involved substantially similar facts, we stated;
While the jury was free to disbelieve appellant’s claim of pain and suffering, and was also at liberty to reject the testimony of her treating physician ... the jury could not responsibly disbelieve appellant’s claim of pain and still find that all of the medical treatment rendered ... to alleviate those complaints of pain was reasonable and necessary. Since the jury found that all of appellant’s medical expenses ... was for treatment necessarily and reasonably obtained by appellant as a result of her injuries, it logically follows the jury had to believe that appellant suffered some degree of pain and discomfort as a result of her injuries_ [I]t was thus unreasonable for the jury not to have awarded the appellant some amount for her past physical pain and suffering. The verdict, which awarded zero for that element of damages, was therefore inadequate as a matter of law.
*1356 Id. at 820. We hold that the verdict in this case was inadequate as a matter of law, and that it was an abuse of discretion for the court to deny plaintiffs’ motion for new trial on that ground.
Appellee urges that should we reverse for a new trial, it be limited solely to the issue of damages. We would not hesitate to remand for a new trial limited solely to the issue of damages in a ease where, as in Daigneault, supra, there was no issue concerning liability. But there are liability issues here and we think the verdict, wherein the jury found Ms. Casper 90% at fault as to each of the accidents, notwithstanding the vast dissimilarity between the extent of her participation in the two,[3] is highly suggestive that the jury intertwined the issues of liability and damages, and that, as in Watson v. Builders Square, Inc., 568 So.2d 721 (Fla. 4th DCA 1990), this case should be remanded for new trial on both the liability and the damage issues as to both appellants. The attorney’s fees and cost awards to appellee, entered pursuant to the offer of judgment, is likewise reversed.
REVERSED AND REMANDED.
GUNTHER and FARMER, JJ., concur.

. For the September, 1989, accident, the jury awarded her all of her medical expenses, $9,047; for the May, 1990, accident, the jury awarded her 90% of her past medical expenses and lost wages, $64,636.

. The jury awarded Mr. Casper nothing on his derivative claim.

. In the September, 1989, accident, Ms. Casper was standing in the stockroom when she was struck on the head and shoulders by a carton of cotton puffs either dropped or dislodged from above her by one of appellee's employees; in the May, 1990, accident, Ms. Casper, rather than waiting until a small step ladder or step-stool was available for her use, elected to use a metal folding chair to enable her to reach some boxes of merchandise which were above her head, and while she was doing so, the boxes tumbled apparently causing her to fall to the floor.