FARMER, Judge.
A jury awarded plaintiff $2,522 for medical expenses and lost earnings or earning ability on his claim against the Sheriff of Martin County for false arrest and imprisonment. On appeal, he argues that the award is inadequate as a matter of law in failing to award him anything for pain and suffering, citing our decision in Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993). We affirm.
In Daigneault, we held that the award of medical expenses without any compensation for pain and suffering amounted to an inadequate award as a matter of law. But the basis for our decision was not any categorical rule. Instead it was tied to the particular claim tried and the record in that case. This is clear from the following excerpts from Judge Owen’s opinion:
“Automobile personal injury cases arising prior to the effective date of section 627.737 ... and non-automobile personal injury cases decided both before and after that date, have held that a jury verdict awarding to an injured person only the *650 exact amount of the medical expenses incurred and nothing for pain and suffering is an inadequate verdict as a matter of law when there is uncontradicted evidence that the injured plaintiff suffered at least some pain from the injury, [c.o.] The effect of the No-Fault Law ... was to foreclose damages for pain and suffering because of injury arising out of the ownership, maintenance, operation or use of a motor vehicle, unless the injured plaintiff first met one of the threshold requirements, e.g., permanent injury within a reasonable degree of medical probability. Thus, after the effective date of [the No-Fault] statute a plaintiff in an automobile injury case such as this properly may be denied an award of damages for pain and suffering where the trier of fact finds that the plaintiff had not sustained a permanent injury. Of course, in any case an award for pain and suffering properly may be denied if the trier of fact reasonably concludes that the injured plaintiff had incurred no pain and suffering.
“Appellees have argued, quite extensively, that the jury’s failure to award appellant damages for pain and suffering can be upheld on either or both bases; that is, that appellant simply failed to satisfy the jury that she had sustained permanent injury or that the jury simply disbelieved her claim of pain and suffering. We think that neither basis is sufficiently supported by the record in this case.” [e.s.]
624 So.2d at 820. Thus, we must determine from the record in this case, but not ás a categorical rule, whether the jury’s award is inadequate as a matter of law.
The claim in this ease is not, strictly speaking, a cause of action in which personal injuries and, hence, pain and suffering are inherent. One can be arrested and imprisoned without being injured at all. Indeed, the Sheriff argues that the only finding by the jury on liability was that plaintiff was falsely arrested and imprisoned by the Sheriffs deputies. There was no finding that plaintiff suffered personal injuries in the process. Moreover the damages were expressly awarded both for medical bills and lost earnings or earning capacity. Because both medical bills and lost earnings have been lumped into a single, undifferentiated amount, we are unable to conclude what part, if any, represents medical bills and what part, if any, represents lost earnings or earning capacity. Consequently, we cannot say from the record in this case that plaintiff has clearly demonstrated error.
AFFIRMED.
GUNTHER, C.J, and MAY, MELANIE G., Associate Judge, concur.