760 So.2d 262 (2000)
Paulette BEAUVAIS, Appellant,
v.
Shirley Ann EDELL, Appellee.
No. 4D98-2771.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
*263 Tami R. Wolfe of Jones & Wolfe, Fort Lauderdale, for appellant.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellee.
EN BANC
KLEIN, J.
Appellant plaintiff contends that the trial court should have granted her motion for new trial because the total amount awarded her by the jury for injuries arising out of an accident was the same as her medical expenses. Plaintiff relies on two cases from this court in which we held that verdicts for medical expenses were inadequate as a matter of law. We now recede from those cases and hold that where there is a dispute as to whether the injuries have resulted from the accident, the inadequacy of the award is left to the discretion of the trial court.
The primary injuries for which plaintiff sought compensation were a torn rotator cuff shoulder injury and a carpal tunnel wrist injury, both of which required surgery. At the time the accident occurred, and in the hospital to which plaintiff was taken after the accident, she had no complaints of pain in either her shoulder or her wrist. Her own orthopedist testified that her shoulder problem resulted from osteoarthritis, and her neurologist testified that if she had torn the rotator cuff in the accident it would have "hurt like hell." In regard to her carpal tunnel injury, there were a number of other possible causes, but probably the most significant evidence was that she had carpal tunnel surgery on both wrists, even though only one wrist was allegedly injured in the accident.
Plaintiff put on evidence that her medical expenses resulting from her injuries came to $68,501. Plaintiff submitted a general form of verdict which did not itemize damages, and the jury in that verdict awarded unspecified total damages of $68,501. Plaintiff filed a post-trial motion seeking an additur, or in the alternative a new trial on the grounds that the verdict was inadequate as a matter of law or contrary to the manifest weight of the evidence.[1] The trial court denied the motion, and she appeals.
*264 Plaintiff relies primarily on two cases, Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993) and Mason v. District Bd. of Trustees of Broward Community College, 644 So.2d 160 (Fla. 4th DCA 1994). In Daigneault, we stated that:
[A] jury verdict awarding to an injured person only the exact amount of the medical expenses incurred and nothing for pain and suffering is an inadequate verdict as a matter of law when there is uncontradicted evidence that the injured plaintiff suffered at least some pain from the injury. See e.g., Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990); Gonzalez v. Westinghouse Elec. Corp., 463 So.2d 1229 (Fla. 4th DCA 1985); Skelly v. Hartford Cas. Ins. Co., 445 So.2d 415 (Fla. 4th DCA 1984); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971); Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968).
Daigneault, 624 So.2d at 819-20.
In the cases cited in Daigneault, it appears that it was undisputed that the injuries resulted from the accidents. In Daigneault, however, whether the injuries resulted from the accident was in dispute. This is a significant distinction which we may not have recognized in Daigneault. We followed Daigneault in Mason, in which there was also a dispute as to whether the plaintiff was injured in the accident.
In Allstate Ins. Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), this court held that a finding of permanent injury and an award of future medical expenses required an award for future pain and suffering as a matter of law, relying on Daigneault and Mason. Because of uncertainty in this area of the law we certified the issue as one of great public importance. The Florida Supreme Court disagreed with our conclusion and held that the verdict in Manasse was not inadequate as a matter of law, reiterating what it had said in Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959):
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached.
Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998). In Manasse, as in the present case, whether the accident was the cause of plaintiffs pain and suffering was an issue of fact. Defendant argues that it follows from Manasse that the verdict in the present case was not inadequate as a matter of law. Manasse, however, involved an award of future medical expenses but no future pain and suffering, and our supreme court observed that future damages "are, by nature, less certain than past damages." Id. at 1111.
Although Manasse involved future damages and Daigneault, Mason and this case involved past damages, Manasse emphasized that post-trial motions concerning amounts of damages are left to the "broad" discretion of the trial judge. Id. at 1111. Our supreme court again reiterated that standard for post-trial motions in Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). In light of Manasse and Brown we have concluded that the award in the present case is not inadequate as a matter of law. It follows that the awards in Daigneault and Mason were not inadequate as a matter of law either.
We therefore recede from Daigneault and Mason and hold that, where there is a dispute as to whether the injuries resulted from the accident, a verdict awarding only medical expenses does not require a new trial as a matter of law. Rather, a motion directed to the inadequacy, whether it seeks a additur or a new *265 trial, is left to the broad discretion of the trial judge. We find no abuse of discretion in the present case and affirm.[2]
WARNER, C.J., DELL, STONE, POLEN, STEVENSON, SHAHOOD, GROSS, TAYLOR, and HAZOURI, JJ., concur.
FARMER, J., concurring specially with opinion, in which GUNTHER, J., concurs.
FARMER, J., concurring.
In this action for damages after an automobile accident, the central issue at trial was whether there was a permanent injury and if so the amount of plaintiff's damages. The trial judge instructed the jurors not to award any damages unless they found a permanent injury. The evidence focused on whether plaintiffs condition and pain resulted from the accident or were instead caused by a history of diabetes, hypertension and angina. Plaintiff proposed a verdict formand the trial court accepted it without objectionstating only a gross sum for damages and lacking an itemization of the various kinds of damages plaintiff was seeking in the action. The verdict implicitly found a permanent injury, awarding unspecified total damages of $68,501. Neither party objected to the verdict; the jury was discharged.
In her post trial motion, plaintiff moved for an additur and, if defendant refused to accept it, a consequent new trial. Her motion was not a motion for a new trial on the grounds that the verdict was against the manifest weight of the evidence or was inadequate as a matter of law.[3] Instead it was a motion for an additur expressly made pursuant to sections 768.043 and 768.74.[4] She also cited Mason v. District Board of Trustees of Broward Community College, 644 So.2d 160, 161 (Fla. 4th DCA 1994), and Allstate Ins. Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), quashed, 707 So.2d 1110 (Fla.1998). The motion did not contain an alternative request unrelated to the additurfor a new trial on the grounds that the damages verdict was against the manifest weight of *266 the evidence. Plaintiff's motion argued that the award of the exact amount of her claimed medical bills meant that the jury's verdict encompassed an award of medical bills only, without including something for past non-economic damages.[5] The trial court denied her motion without elaboration.
Relying on our decisions in Mason and Daigneault v. Gache, 624 So.2d 818, 820 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 623 (Fla.1994), plaintiff argues on appeal that the trial court's denial of an additur is legal error that is per se reversible. In Daigneault we held that the trial court's denial of a new trial on damages must be reversed as a matter of law where the verdict represents the exact amount of medical expenses already incurred but fails to include anything for past pain and suffering and where the evidence of pain from the injury caused by the accident is unchallenged. Daigneault makes clear, however, thatunlike the present case the trial court there submitted an itemized verdict to the jury, which was deficient only in failing to require a specific finding on permanency. We followed Daigneault in Mason and reversed for a new trial under identical circumstances. Unlike Daigneault, our opinion in Mason does not make clear explicitly that the verdict form was itemized as to damagesbut that is nevertheless a fair inference.
Defendant has two responses to the argument on per se reversal. First she argues that the issue has not been properly preserved. She points out that plaintiff herself proposed the form of jury verdict failing to contain an itemization of damages. Then, she adds, plaintiff failed to voice any objection when the jury pronounced its verdict in open court. Both of these result in a failure to preserve this issue, she suggests, even for the trial judge and ultimately also for review on appeal. Second, even assuming that the issue were properly preserved, she argues that the correct standard of review is abuse of discretion, not legal error. Applying the correct standard, she contends, the trial judge simply cannot be said to have abused his considerable discretion to deny an additur on account of any alleged inadequacy of damages, especially because there was ample evidence in this case that plaintiff's injuries were unrelated to the automobile accident. I agree with defendant's argument and now proceed to discuss both of her contentions.

I. Preservation of Issue as to Additur
The specific issue we now confront is narrow. It involves only a claim for unliquidated damages and arises when a party claims that undifferentiated general damages represent an award of a specific kind, the effect of which is to entitle the claimant to other damages as well. Plaintiff's motion for an additur was made pursuant to section 768.74 and its counterpart, section 786.043. This is significant because, prior to the enactment of these statutes, judges had no power to increase a jury's award of damages by additurs, which perforce did not then exist in Florida. In Bennett v. Jacksonville Expressway Auth., 131 So.2d 740 (Fla.1961), our supreme court flatly held that:
"[a]lthough we have referred to the additur ordered by the trial judge as indicating the extent to which he considered the verdict unjust, we do not recognize his authority to effectuate an increase in the verdict of the jury."
131 So.2d at 744; see also John Sessa Bulldozing, Inc. v. Papadopoulos, 485 So.2d 1383, 1384 (Fla. 4th DCA 1986) ("Florida courts have consistently ruled against the granting of additur."); Reinhart v. Seaboard Coast Line RR.. Co., 472 So.2d 511, 513 (Fla. 2nd DCA 1985) ("[T]he trial court had no authority to order an *267 additur in lieu of a new trial."), review denied, 480 So.2d 1295 (Fla.1985). As the court also explained in Sarvis v. Folsom, 114 So.2d 490 (Fla. 1st DCA 1959):
"Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excessin that sense that it has been found by the juryand that the remittitur has the effect of merely lopping off an excrescence. But, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict.... To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept `an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.'"
114 So.2d at 492 (quoting Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603 (1935)).[6]
When the legislature first authorized additurs in motor vehicle cases in 1977, see Ch. 77-468, § 41, Laws of Fla., and § 768.043, our supreme court said in upholding the validity of that statute as a violation of the right to trial by jury that:
"The statute clearly provides for a new trial in the event the party adversely affected by the remittitur or additur does not agree with the remittitur or additur. In other words, the complaining party need not accept the decision of the judge with respect to remittitur or additur. The party may have the matter of damages submitted to another jury. Defendants' attack on the constitutionality of the statute is without merit."
Adams v. Wright, 403 So.2d 391, 395 (Fla. 1981).
It was only in 1986 with the creation of section 768.74 that the legislature gave judges a general power of additur. That statute was part of the Tort Reform and Insurance Act of 1986 (TRIA),[7] and newly imposed on trial judges a clear responsibility to review the amount of damages awarded by a jury.[8] To enable the trial *268 judge to make this review of damages, at the same time the legislature also created in section 768.77 a companion provision for mandatory itemized verdicts.[9] Both of these TRIA statutes were in effect at the time of trial in this case.[10]
The constitutionality of TRIA was considered by the supreme court in Smith v. Department of Ins., 507 So.2d 1080 (Fla. 1987), including these particular provisions on itemized verdicts and additurs and remittiturs. As regards itemized verdicts, the court said:
"[the statute] requires that the jury itemize its award into economic, noneconomic and punitive damages. This characterization of damages relates directly to the substantive law imposing limitations on certain types of damages. It is substantive in nature and within the legislative authority to enact." [e.s.]
507 So.2d at 1092 n. 10. On the subject of additurs and remittiturs, the court adopted the reasoning of the trial judge, who explained:
"[the statute] is substantially similar to the statute on remittitur and additur which the Supreme Court has previously upheld in Adams v. Wright, 403 So.2d 391 (Fla.1981). In Adams, the Supreme Court ruled that the statute was a `remedial statute designed to protect the substantive rights of litigants in motor vehicle-related suits.'"
507 So.2d at 1092 n. 10.
The court emphasized, however, that the provisions on itemized verdicts, as well as those involving additurs and remittiturs and punitive damages, were all part of a unified package:
"When the legislature enacted these [procedural] provisions, it was addressing the substantive rights of plaintiffs and defendants in civil litigation actions with regard to recovery of damages. Although [the statute on itemized verdicts] in particular has certain procedural aspects that will require immediate examination by this Court, its provisions are necessary to implement the substantive provisions of sections 51, 52, and 60. We find that all these sections are directly related to the substantive statutory scheme and conclude that these provisions do not violate the separation of powers clause of the Florida Constitution." [e.s.]
507 So.2d at 1092. Because itemized verdicts are "necessary to implement" additurs and remittiturs and "directly related" to them, the requirement of an itemized verdict has been made a constituent part of the power to review a jury's award of damages.[11] Obviously, the legislature concluded *269 that undifferentiated damages verdicts inhibit such review and make judicial analysis inescapably dependent on some speculation as to precisely what damages the jury has included or failed to award.
In TRIA, the legislature itself acknowledged the constitutional difficulties with judicial adjustment of damages awarded by a jury:
"The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified with caution and discretion. However, it is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of this state." [e.s.]
See TRIA § 768.74(6). It therefore made plain that an adjustment of damages by additur or remittitur was dependent on the consent of the adverse party and that party's right to have a new jury try the issue. See § 768.74(4) ("If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only."); and Adams v. Wright, 403 So.2d at 395.
One important area in which motions for new trials on weight of the evidence grounds differ from these section 768.74 motions for additurs and remittiturs is in regard to the common law willingness to tolerate some lack of uniformity and predictability in personal injury damages awardsi.e., in permitting differing awards even on similar facts. In Laskey v. Smith, 239 So.2d 13 (Fla.1970), the supreme court had plainly held that, in considering motions for new trials challenging the amount of damages, trial judges should countenance some lack of uniformity in awards of damages.
"In its movement toward constancy of principle, the law must permit a reasonable latitude for inconstancy of result in the performance of juries. The trial judge's review of that performance is likewise sustainable within a broad range provided that the record or findings of influence outside it support his determination."
239 So.2d at 14. This judicially tolerated "inconstancy of result" inevitably diminishes the ability of litigants and their lawyers to predict what they might reasonably expect in a trial.
Section 768.74, however, is drafted to a contrary purpose. It requires that damages awards be scrutinized for adequacy or excessiveness on statutory standards of excessiveness or adequacy. See § 768.74(3) ("It is the intention of the Legislature that awards of damages be subject to close scrutiny by the courts and that all such awards be adequate and not excessive.") and 768.74(6) ("[I]t is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of this state.").[12] It is obvious that a "standard of excessiveness or inadequacy," as well as the legislative goal of "soundness and logic" in jury damages awards, can only represent an intent to bring some predictability and uniformity to jury damages awardsat least to the extent that similar facts and circumstances may allow.
Judicial speculation as to what non-specific damages have actually been awarded makes an additurto the extent of such speculationa substantial violation of the right to have a jury fix such damages. *270 Therefore, in light of this historical context, it is not possible that the legislature intended that its mandatory requirement of an itemized verdict be dispensed with as a mere convenience, if judicial review of damages awarded by a jury is to be tolerated. It is exceedingly unlikely that the legislature ever envisioned an exercise of its statutory grant of power of additur on judicial speculation as to what the jury has actually awarded for the differing kinds of personal injury damages.[13] Indeed from our long historical abhorrence of additurs, it is inconceivable that the legislature would have newly authorized additurs upon undifferentiated damages awards. If so, why require itemized awards?[14] Judicial review of unspecified damages is thus surely contrary to TRIA considered as a whole.
Without the clarity that only an itemized verdict can bring in the circumstances of this case, an additur or a remittitur may actually turn out to be a serious negation of a valid jury decision on a purely factual matter. If a party desires to preserve this statutory right of judicial increase in the amount of damages, the constitutional command to keep the right to jury trial inviolate, as well as a proper deference to the common law, requires that the actual amounts encompassed in total damages be clear and free from doubt before a trial judge may review and adjust the amount of damages awarded. In short additurs and remittiturs under this statute in the circumstances of this case are impossible without the legislatively mandated itemized verdicts.
Consequently I would hold that the statutory power of additur and remittitur under section 768.74 requires the use of an itemized verdict to preserve the issue. I thus agree that we should necessarily recede from Mason and Daigneault and any other case holding or implying that in an award of general damages without an itemized verdict, a party claiming an entitlement to specific kinds of damages has preserved the right to an additur or remittitur under TRIA. The failure in this case to use such a verdict should foreclose plaintiff from seeking review and possible adjustment of the amount of damages by the trial judge. On this basis, I therefore join in affirming the trial court's denial of the motion for an additur.

II. Standard of Review
As I noted earlier, plaintiffs motion for additur also referenced a new trial. Her motion clearly ties the request for a new trial to the request for an additur and any failure of defendant to accept an additur if one is thereby ordered. It is possible in light of our decisions, however, that both the judge and counsel conceived of the request for a new trial as standing independent of a judicial adjustment of damages under TRIA. Accordingly, I agree *271 that we should proceed to review the court's denial of a new trial.
In its recent decision in Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999), the supreme court reiterated the special role of appellate courts in review of new trial orders. The court said:
"When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion."
Stuckey, 749 So.2d at 497-98. But the court also emphasized that:
"Regarding inadequate or excessive verdicts, this ground is a corollary of the ground asserting that the verdict is contrary to the manifest weight of the evidence. A new trial may be ordered on the grounds that the verdict is excessive or inadequate when (1) the verdict shocks the judicial conscience or (2) the jury has been unduly influenced by passion or prejudice.... Regardless of whether a new trial was ordered because the verdict was excessive or inadequate or was contrary to the manifest weight of the evidence, the appellate court must employ the reasonableness test to determine whether the trial judge abused his or her discretion." [e.s.]
Stuckey, 749 So.2d at 498; see also Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998) (judicial determination on motion for new trial is discretionary act of trial court; appellate court should apply reasonableness test to determine whether trial judge abused discretion; discretion is abused only when no reasonable person would take view adopted by trial court).
In our decisions in Daigneault and Mason (among others), we appear to have applied a "legal error" standard of review with a per se reversal rule instead of an "abuse of discretion" standard in review of orders granting or denying new trials based on inadequacy or excessiveness of damages. Under the court's holding in Stuckey, however, it is clear that the only correct standard of review is these issues is abuse of discretion. Under Stuckey, trial court decisions on remittiturs and additurs and whether to grant new trials on weight of the evidence grounds are all governed by the reasonableness test for abuse of discretion on appeal. See also Trujillo v. Uniroyal Tire Co., 753 So.2d 1256 (Fla.2000) (error to reverse order granting additur and new trial even though jury verdict not clearly, obviously and indisputably wrong).
Reviewing the record in this case, I cannot say that no reasonable judge would have denied the motion for a new trial on damages. I therefore join in acknowledging that our prior decisions applying a per se reversal standard to such orders on appeal are no longer effective after Stuckey.
GUNTHER, J., concurs.
NOTES
[1] Judge Farmer, in his concurring opinion, suggests that plaintiff's post-trial motion was only for an additur and was not a motion for a new trial on the ground that the verdict was against the manifest weight of the evidence was inadequate as a matter of law. We disagree. The motion contained twelve numbered paragraphs. Paragraphs six and nine assert that zero damages for past pain and suffering in light of the award of the medical expenses makes this verdict "inadequate as a matter of law." Paragraph ten asserts that "the jury's failure to award her lost wages as damages was contrary to the weight of the evidence." The last paragraph requests "an additur, or in the alternative, a new trial on the issues of past and future pain and suffering, past and future lost wages and, loss of earning capacity."
[2] We do not agree with Judge Farmer that an itemized verdict is required in order to preserve appellate review of a trial court's denial of additur or remittitur. The statute requiring an itemized verdict, section 768.77, does not require that economic losses be separated into medical expenses or lost income. Accordingly, even if an itemized verdict had been used, it would not have reflected whether the amount awarded was for medical expense, lost income which plaintiff also sought, or both. Moreover, if the legislature had wanted to make an itemized verdict a requirement for seeking a remittitur or additur it would have said so. Instead, in section 768.74, authorizing remittitur and additur, the legislature adhered to the "discretionary standard of review for trial courts." § 768.74(6), Fla. Stat. If trial courts have discretion, it follows that our standard of review is abuse of discretion.
[3] Her motion said:

"Comes now the Plaintiff ... and files this Motion for Additur or motion for New Trial on Damages for past and future pain and suffering past and future lost wages and loss of earning capacity pursuant to Florida Statute 768.74, and in support therefore state as follows:
1. Section 768.043, Florida Statutes (1993), is the controlling and applicable statute authorizing the trial court to order, as an alternative to a new trial, an additur to a jury award upon finding the amount of damages awarded by the jury is clearly inadequate [followed by text of section 768.043].
2. Section 768.74, Florida Statutes, requires the trial court to review an award of money damages for excessiveness or inadequacy. Florida has long held that there should be a granting of new trial or additur where the amount of damages awarded is inadequate or inconsistent with either the evidence or other parts of the verdict."
[4] See §§ 768.043 and 768.74, Fla. Stat. (1997). Both statutes deal with additurs and remittiturs, the former applying only in automobile accident cases, and the latter applying to all tort and contract actions. The two statutes are substantively identical; the only textual difference is the addition of the adverb "clearly" in two places. We note that if sections 768.043 and 768.74 were in conflict section 768.043 would control. See § 768.71(3). There is no conflict of any kindapart from the fact that the one applies only to motor vehicle accident cases.
[5] She also challenged the failure to award future damages. Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998), holds that future damages depend on different considerations than past damages, and thus there is no error shown in regard to the failure to award any future damages.
[6] The Florida Constitution has expressly made the right to trial by jury basic to our jurisprudence. See Fla. Const. art. I, § 22 ("The right of trial by jury shall be secure to all and remain inviolate....").
[7] Ch. 86-160, Laws of Fla.
[8] "(1) In any action to which this part applies wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact.

"(2) If the court finds that the amount awarded is excessive or inadequate, it shall order a remittitur or additur, as the case may be.
"(3) It is the intention of the Legislature that awards of damages be subject to close scrutiny by the courts and that all such awards be adequate and not excessive.
"(4) If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
"(5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
"(6) It is the intent of the Legislature to vest the trial courts of this state with the discretionary authority to review the amounts of damages awarded by a trier of fact in light of a standard of excessiveness or inadequacy. The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified with caution and discretion. However, it is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of this state."
[9] "(1) In any action to which this part applies in which the trier of fact determines that liability exists on the part of the defendant, the trier of fact shall, as a part of the verdict, itemize the amounts to be awarded to the claimant into the following categories of damages:

(a) Amounts intended to compensate the claimant for economic losses;
(b) Amounts intended to compensate the claimant for non-economic losses; and
(c) Amounts awarded to the claimant for punitive damages, if applicable.
(2) Each category of damages, other than punitive damages, shall be further itemized into amounts intended to compensate for losses which have been incurred prior to the verdict and into amounts intended to compensate for losses to be incurred in the future."
[10] The Legislature has since amended section 768.77 by deleting subsection (2). See Ch. 99-225, § 7, Laws of Fla.
[11] The Supreme Court Committee on Standard Jury Instructions in Civil Cases has promulgated a form of verdict for use in personal injury actions. See Fla. Std. Jury Instr. (Civil) 8.1.
[12] The desire for uniformity and predictability in jury damage awards was also a motivation for New York's adoption of a statute similar to TRIA. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 423-424, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).
[13] The kind of general damages involved here, for example, unavoidably raises the question whether the jury used plaintiff's medical expenses as an upper limit of damages, to the end that the award of all damages including non-economic as well would at least allow the injured party not to end up in debt from the accident.
[14] Before the adoption of statutory itemized verdict forms, general verdicts were the rule and itemized verdicts were relatively rare in this state. In a number of cases decided before section 768.77 was adopted involving the same circumstancea verdict appearing to award all medical expenses but nothing for intangible losses for painthe courts had routinely indulged the presumption that a general verdict equal to the medical expenses established by the evidence is in fact an award only of medical expenses. See, e.g., Gonzalez v. Westinghouse Elec. Corp., 463 So.2d 1229 (Fla. 4th DCA 1985); Skelly v. Hartford Cas. Ins. Co., 445 So.2d 415 (Fla. 4th DCA 1984); Stevens v. Mount Vernon Fire Ins. Co., 395 So.2d 1206 (Fla. 3d DCA 1981); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971); Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968). There is nothing in the opinions, however, indicating that the subject of an itemized verdict form was raised or considered by the court deciding any of these cases. From my own experience and knowledge of practice during this time, I doubt that the subject of an itemized verdict was raised very often, if at all.