JACOBUS, J.
Appellant, Publix Super Market, Inc., appeals the trial court’s order granting Appellee, William Worley, a new trial after Worley rejected an additur of $20,000 for past non-economic damages. Publix contends that the trial court abused its discretion in granting Worley an additur and, by extension, a new trial on damages because the evidence adduced at trial supported the jury’s decision not to award past non-economic damages. We disagree with this contention and affirm the trial court’s order granting a new trial.
This case arises out of a slip-and-fall accident at Publix in which Worley hit his head on the handle of the door to a refrigerated case. The door handle cut Worley’s forehead and required nine sutures to close the wound. The jury found that Publix was 100% at fault and awarded Worley $6,079.19 in past medical expenses but gave him nothing for future medical expenses, past or future lost wages, or past or future non-economic damages. The trial court determined that Worley should have received something for past non-economic damages in light of the jury finding that he was entitled to past medical expenses and that Publix was 100% at fault. The court awarded an additur of $20,000 or alternatively a new trial. Worley elected a new trial.
We find that there is no abuse of discretion on the part of the trial court in its findings. See Beauvais v. Edell, 760 So.2d 262, 264-65 (Fla. 4th DCA 2000) (holding that a motion directed to the inadequacy of a verdict awarding past medical expenses but no past non-economic damages is left to the broad discretion of the trial judge). The order of the trial court is affirmed and the matter is remanded for a new trial on past non-economic damages.
AFFIRMED and REMANDED.
LAWSON and COHEN, JJ., concur.